**Paul ARROW, Appellant,**

v.

**PULITZER PUBLISHING CO., d/b/a St. Louis Post Dispatch and St. Louis Typographical Union, Local No. 8, Appellees.**

No. 82–2248.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1983.

Decided Dec. 27, 1983.

1. The Honorable James Meredith presiding.

Bartley, Goffstein, Bollato & Lange, Jeffrey E. Hartnett, St. Louis, Mo., for appellee St. Louis Typographical Union Local No. 8.

Michael P. Casey, Joseph E. Martineau, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellee Pulitzer Pub. Co.

\* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Before ROSS and FAGG, Circuit Judges, and WOODS, District Judge.\*

PER CURIAM.

This case is on appeal from the United States District Court for the Eastern District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp.1983). The district court, 548 F.Supp. 420, granted summary judgment in favor of appellees, Pulitzer Publishing Co. and St. Louis Typographical Union Local No. 8, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) was not timely filed. This appeal followed.

Paul Arrow brought suit under section 301 requesting lost wages, vacation credit, pension benefits, and seniority. Arrow asserts that Pulitzer breached its collective bargaining agreement and the Union failed to adequately represent him in several grievance procedures. With regard to the grievance filings, Arrow alleges there exist three grievances: an incompetency grievance, a funeral pay grievance, and a personal lay-off grievance.

Pulitzer Publishing and St. Louis Typographical Union moved for summary judgment. The district court applied *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and in accordance with this case the court concluded it must apply the Missouri Arbitration Act, MO.REV.STAT. § 435.405 (1952) which allows 90 days to seek vacation of an adverse settlement. The court found the incompetency grievance should have been filed on May 10, 1982, but was in fact filed May 25, 1982, and the funeral pay grievance should have been filed by the end of March or first of April 1982, but it too was filed May 25, 1982.

With regard to the personal lay-off grievance, the court found that this was only threatened discipline. There existed no evidence in the record that Pulitzer actually disciplined any employee for excessive ab-

1. The Honorable Clyde S. Cahill presiding.

senteeism. Thus, the court dismissed this grievance on the merits.

During the pendency of this appeal, the Supreme Court decided the case of *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *DelCostello* held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) with its six month limitation period governed section 301 suits.

All parties agree that if *DelCostello* is applied retroactively to this case, the complaint was timely filed. In *Lincoln v. District 9 of the International Association of Machinists,* 723 F.2d 627 (8th Cir.1983) we determined that *DelCostello* should be applied retroactively.

We agree that the complaint was timely filed. With regard to the personal lay-off claim, we find that Arrow offered no evidence as required by FED.R.CIV.P. 56(e) that Pulitzer Publishing held anyone excessively absent for using the personal lay-off provision. Consequently, the district court correctly dismissed this claim on the merits. However, concerning the incompetency grievance and the funeral pay grievance, the district court found these were not timely filed and consequently did not rule on the merits. Also, the Union argues that Arrow did not exhaust his internal union remedies and these claims are therefore barred by *Clayton v. International Union,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). The district court did not address this issue.

Since we find the filing is timely under *DelCostello* we reverse and remand for a determination on the merits of (1) the exhaustion claim, (2) the incompetency grievance, and (3) the funeral pay grievance.

Affirmed in part, reversed in part, and remanded to the district court.