Margaret J. HOLDEN, Cecilia A. Hoffman, Kathryn A. Lindaman, Delores M. Marsh, Darlene E. Sisk, Judith Ann Pluff, and Beverly J. Adams on their behalf and on behalf of all others similarly situated, Plaintiffs,

v.

BURLINGTON NORTHERN INC., and its successors: Burlington Northern Railroad Company, Milestone Petroleum Inc., BN Timberlands Inc.,

and

American Train Dispatchers Association AFL–CIO, Brotherhood of Locomotive Engineers, Brotherhood of Maintenance of Way Employees AFL–CIO, Brotherhood of Railroad Signalmen AFL–CIO, Brotherhood of Railway, Airline & Steamship Clerks, Freight Handlers, Express & Station Employees AFL–CIO, Brotherhood of Railway Carmen of the United States and Canada AFL–CIO, International Association of Machinists & Aerospace Workers, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers AFL–CIO, International Brotherhood of Electrical Workers AFL–CIO, International Brotherhood of Firemen & Oilers AFL–CIO, Railroad Yardmasters of America AFL–CIO, Sheet Metal Workers International Association AFL–CIO, and United Transportation Union AFL–CIO, Defendants.

Civ. No. 3–81–994.

United States District Court,
D. Minnesota,
Third Division.

Aug. 10, 1983.

Paul C. Sprenger, Sprenger, Olson & Shutes, P.A., Minneapolis, Minn., for plaintiffs.

Richard A. Williams, Jr., Hvass, Weisman & King, Minneapolis, Minn., Edward J. Hickey, Jr., Michael S. Wally, Mulholland & Hickey, Washington, D.C., for International Broth. of Firemen and Oilers.

Robert V. Atmore, Lindquist & Vennum, Minneapolis, Minn., for Broth. of Railroad Signalmen.

Harold A. Ross, Richard H. Kraushaar, Ross & Kraushaar Co., L.P.A., Cleveland, Ohio, for Railroad Yardmasters of America.

Robert L. Lowe, Minneapolis, Minn., Norton N. Newborn Co. L.P.A., Cleveland, Ohio, for United Transp. Union.

Richard R. Lyman, Sherburne, N.Y., for Broth. of Maintenance of Way Employees

and Broth. of Railway, Airline & Steamship Clerks, Freight Handlers, Exp. & Station Employees AFL–CIO.

Thomas A. Carraway, Clarence M. Small, Jr., Rives & Peterson, Birmingham, Ala., for Broth. of Railroad Signalmen; Clinton J. Miller, III, Washington, D.C., of counsel.

Thomas P. Kane, Wayne Faris, Keith E. Goodwin, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., for Burlington Northern; Barry McGrath, Asst. Gen. Counsel, Burlington Northern R. Co., St. Paul, Minn., of counsel.

## MEMORANDUM ORDER

MAGNUSON, District Judge.

A hearing was held before the undersigned on June 10, 1983, upon the motion of defendant Burlington Northern Railroad Company to strike plaintiffs' reliance on a 1974 EEOC Commissioner's Charge of Discrimination, pursuant to Fed.R.Civ.P. 12, 23 and 56.

Richard A. Williams, Esq., Wayne Faris, Esq., Thomas Kane, Esq., Daniel Sheran, Esq., and Michael Chase, Esq., appeared on behalf of the defendant. Paul C. Sprenger, Esq., and Eric L. Olson, Esq., appeared on behalf of the plaintiffs.

Plaintiffs bring a civil action against defendants for alleged unlawful discriminatory employment practices, in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiffs filed their initial complaint in this matter on September 23, 1981, and have since amended their complaint on three occasions; they are currently seeking leave of the court to serve and file a fourth amended complaint. Plaintiffs' action is brought pursuant to 42 U.S.C. § 2000e–5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

In their complaint, plaintiffs assert satisfaction of the jurisdictional prerequisites for their claims on two bases. First, plaintiffs refer to a Commissioner's Charge of Discrimination filed on August 22, 1974, by Ethel Bent Walsh, then Commissioner of the Equal Employment Opportunity Commission (EEOC). Plaintiffs assert that No-

tices of Right to Sue, issued to plaintiffs on the basis of the 1974 Commissioner's Charge, fulfill the jurisdictional prerequisites for their complaint. Alternatively, plaintiffs assert satisfaction of jurisdictional prerequisites through Notices of Right to Sue issued based upon Charges of Discrimination filed with the EEOC by individual plaintiffs between May 1978 and January 1983.

In the current motion, defendant Burlington Northern contends that the 1974 Commissioner's Charge cannot serve as the jurisdictional springboard for plaintiffs' cause of action. Burlington Northern claims that the 1974 Commissioner's Charge fails to meet the requirements for such a charge, as set forth in 42 U.S.C. § 2000e–5(b) and 29 C.F.R. § 1601.12, and as interpreted by the Eighth Circuit Court of Appeals in *Shell Oil Co. v. United States EEOC*, 676 F.2d 322 (8th Cir.1982), *reh'g denied*, 689 F.2d 757 (8th Cir.1982), *cert. granted*, —— U.S. ——, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983). Alternatively, Burlington Northern asserts that the Commissioner's Charge may not be utilized to provide jurisdiction, as actions by the EEOC unfairly prejudiced Burlington Northern's ability to act in its own defense, and exposed Burlington Northern to greater financial liability.

Without determining this latter issue, the court finds that the 1974 Commissioner's Charge is deficient, and therefore may not be used to meet the jurisdictional prerequisites for plaintiffs' complaint. Accordingly, the court grants Burlington Northern's motion to strike plaintiffs' reliance on the 1974 Commissioner's Charge.

To begin, the court notes that since matters outside the pleadings have been submitted for the court's consideration, and since the court has not excluded these materials, the court must treat the current motion as one for partial summary judgment. Fed.R.Civ.P. 12(b). In such a motion, the court is guided by the familiar principle that summary judgment should not be granted unless the moving party has established its right to judgment "with such clar-

ity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances." *Vette Co. v. Aetna Casualty and Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980), cited with approval in *Keys v. Lutheran Family and Children's Services of Missouri,* 668 F.2d 356, 357–58 (8th Cir.1982). The court must give the non-moving party the benefit of all reasonable inferences to be drawn from the facts. *Id.*

Burlington Northern meets this standard in its assertion that the 1974 Commissioner's Charge is deficient. Title VII of the Civil Rights Act of 1964 states that when an unlawful employment practice charge is filed with or by the EEOC,

> the Commission shall serve a notice of the charge *(including the date, place and circumstances of the alleged unlawful employment practice)* on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.

42 U.S.C. § 2000e–5(b) (emphasis added). The requirements for a charge are repeated in EEOC procedural guidelines, which state that a charge should contain a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3) (1981).

These requirements were recently examined by the Eighth Circuit Court of Appeals in *Shell Oil Co. v. United States EEOC.* In its analysis of the validity of a Commissioner's Charge of Discrimination, the court discussed two particular requirements for such a charge. First, a charge must inform the employer of at least the approximate dates of alleged unlawful employment practices. 676 F.2d at 325. Second, allegations in a charge must be supported by some factual or statistical basis. "A charge which simply alleges discrimination in all areas of employment practice without some factual or

statistical basis gives the appearance of a 'fishing expedition' and fails to give the employer sufficient notice." *Id.* at 326.

In the matter at hand, the 1974 Commissioner's Charge fails to meet both these requirements. To begin, the Charge makes no reference to the dates of the alleged unlawful employment practices. Indeed, the only date found in the entire Commissioner's Charge is the date the Charge was issued. Plaintiffs do not contest this. Moreover, plaintiffs seem to recognize the possibility of a date requirement. In a footnote on p. 23 of plaintiffs' "Memorandum in Opposition to Motion to Strike Reliance Upon the EEOC Commissioner's Charge of Discrimination," plaintiffs acknowledge that one interpretation of the requirements for a Commissioner's Charge "might require an estimate of the probable time periods to satisfy the date requirement." *See also* p. 20 of the same memorandum. No such estimate is provided in the Commissioner's Charge currently under question.

The 1974 Commissioner's Charge also fails to provide either a factual or a statistical basis for its allegations. The 1974 Charge alleges seven separate unlawful discriminatory employment practices. However, it fails to provide any information upon which these allegations are based. Plaintiffs assert that a broad scale investigation conducted subsequent to the Commissioner's Charge effectively informed Burlington Northern of the basis of the Commissioner's Charge. This, however, does not cure the defect in the original Charge. Rather, the law requires that a charge itself contain factual material in support of its allegations. *Shell Oil,* 676 F.2d at 326.

Consequently, the court finds that the 1974 Commissioner's Charge is deficient: it fails to refer to the date of any alleged unlawful employment practice, and neglects to provide either a factual or a statistical basis for its allegations. As a result, the court holds that the 1974 Commissioner's Charge may not be used to fulfill the jurisdictional prerequisites for plaintiffs' action.

The court notes with some concern plaintiffs' assertion that in so holding, the court in effect penalizes the plaintiffs for deficiencies beyond their control. In regards this, it must be recognized that Title VII allows charges to be filed both by the EEOC and by individual complainants. In its decision today, the court does not affect those charges brought by the individual complainants in this case. Hence, plaintiffs may conceivably have jurisdictional grounds on which to base their claims, apart from the 1974 Commissioner's Charge. Title VII cases which plaintiffs cite in support of their assertion that this court's holding will work an unfair penalty do not run contrary to the court's decision today. Those cases deal with EEOC charges mismanaged by the Commission, which had been filed by individual complainants. The issue at hand, however, involves a charge filed by the EEOC itself.

Based upon the foregoing conclusions,

IT IS HEREBY ORDERED that defendant Burlington Northern's motion to strike reliance on the 1974 Commissioner's Charge of Discrimination is granted.