Glen L. PULLEY, Plaintiff,

v.

BURLINGTON NORTHERN, INC., and United Transportation Union, Defendants.

Civ. No. 3-82-1715.

United States District Court, D. Minnesota, Third Division.

Aug. 15, 1983.

Linda A. Miller, St. Paul, Minn., for plaintiff.

Thomas P. Kane & Michael Chase, St. Paul, Minn., for Burlington Northern, Inc.

Robert L. Lowe, Minneapolis, Minn., for United Transp. Union.

## MEMORANDUM ORDER

MAGNUSON, District Judge.

A hearing was held before the undersigned on March 4, 1983, upon the motions of defendants Burlington Northern, Inc., and the United Transportation Union to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b).

Thomas Kane, Esq., and Michael Chase, Esq., appeared on behalf of defendant Burlington Northern, Inc. Robert L. Lowe, Esq., appeared on behalf of defendant United Transportation Union. Linda A. Miller, Esq., appeared on behalf of the plaintiff.

Plaintiff brings a civil action against defendants Burlington Northern, Inc., and the United Transportation Union ("Union") for

engaging in alleged unlawful discriminatory employment practices, in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff also brings a claim against defendant Union for breach of duty of fair representation. Plaintiff brings his action pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1343, 28 U.S.C. § 1337, and 29 U.S.C. § 185.

Defendants move for dismissal of plaintiff's action on a number of grounds. First, defendants assert that plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and therefore may not bring a Title VII charge. Second, defendants claim that plaintiff failed to commence his Title VII action within ninety days of receipt of an EEOC Notice of Right to Sue, as Title VII requires. Third, defendants claim that the statute of limitations bars plaintiff's attempt to recover for alleged harm under 42 U.S.C. § 1981. Fourth, defendants assert that plaintiff's action was filed in an improper venue. And finally, defendant Union asserts that plaintiff's claim of breach of duty of fair representation is barred by the applicable statute of limitations.

The court notes that since materials outside the pleadings have been submitted for the court's consideration in this matter, and since the court has not excluded these materials, the court must treat defendants' motion as one for summary judgment. Fed.R. Civ.P. 12(b). In such a motion, the court is guided by the familiar principle that summary judgment should not be granted unless the moving party has established its right to judgment "with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances." *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980), cited with approval in *Keys v. Lutheran Family and Children's Services of Missouri*, 668 F.2d 356, 357–58 (8th Cir.1982). The court finds that defendants have met this standard in their current motion. Accordingly, the court grants defendants' motion to dismiss.

To begin, defendants correctly assert that plaintiff did not file a timely charge of discrimination with the EEOC. Title VII of the Civil Rights Act of 1964 prescribes that a charge of discrimination

> shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier ....

42 U.S.C. § 2000e–5(e). Plaintiff, however, did not file a charge of discrimination with the EEOC until March 17, 1982, almost seven years after having been dismissed by Burlington Northern. Even accepting plaintiff's argument that his contact with the defendants went beyond his May 12, 1975 dismissal, plaintiff concedes in his chronology of events that all contact with defendants ceased on July 2, 1980, at which time the Public Law Board denied plaintiff's appeal of his discharge from Burlington Northern. Plaintiff did not file his discrimination charge until over one-and-a-half years later, well beyond the filing period prescribed by Title VII.

In response, plaintiff asserts that the EEOC filing period was tolled by a class action brought against Burlington Northern in 1978. Alternatively, plaintiff asserts that equity demands that the filing period requirement be waived. This court cannot agree with either of these two assertions.

First, while a class action tolls the statute of limitations for all claims within the class action, it does not toll the limitations period for individual actions brought by members of the class while the class still exists. Nor does a class action toll the limitations period for individual actions

which are distinct from class claims. Plaintiff correctly states that as a potential member of a class action brought against Burlington Northern in 1978, the statute of limitations has been tolled as regards his assertion of the class claim. *See American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 552–55, 94 S.Ct. 756, 765–66, 38 L.Ed.2d 713 (1974). This does not mean, however, that the statute of limitations is tolled for plaintiff's claims apart from the class action.

The court has differentiated claims brought as part of a class action from individual claims brought apart from an existing class. In *Inda v. United Air Lines, Inc.,* 565 F.2d 554 (9th Cir.1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 389 (1978), appellants asserted that the filing period for a Title VII charge is tolled by the filing of such a charge by similarly situated individuals. In its analysis of precedent, including *American Pipe,* the Ninth Circuit Court of Appeals determined that

> timely filing of an EEOC charge is not a necessary condition to the obtaining of relief by one as a member of a class in whose behalf suit has been brought. However, if one brings suit on his own behalf, or as named plaintiff on behalf of a class, he must have secured a right to sue by timely following the procedures set forth in Title VII.

*Inda,* 565 F.2d at 559.

 This is precisely the situation in the case at hand. Plaintiff, as an unnamed member of the 1978 class action, is not curtailed by the untimely filing of an EEOC charge in regards his participation in the 1978 class. The filing of the 1978 class action effectively tolled the statute of limitations in regards the claims of the class members. However, to the extent that plaintiff attempts to bring a claim apart from the class action while the class is still in existence, he must abide by the procedures set forth in Title VII. As discussed above, plaintiff's EEOC charge of discrimination was not filed in a timely manner. Consequently, plaintiff is barred from

bringing an individual action on the basis of that charge.

The Eighth Circuit Court of Appeals does not advise otherwise. In *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876 (8th Cir.1977), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977), the court allowed thirteen plaintiffs who had not filed EEOC discrimination charges to recover under Title VII on the basis of EEOC charges filed by two similarly situated plaintiffs. Unlike the case at hand, the thirteen plaintiffs had no other manner in which they could recover for their alleged harm. In the instant action, plaintiff may vindicate his rights through participation in the 1978 class suit. Furthermore, the *Allen* court found that in the factual setting of that case, as in class actions, "it would be nonsensical to require each of the plaintiffs to individually file administrative charges with the EEOC." *Id.* at 883. Such a nonsensical result is avoided in the matter at hand precisely by plaintiff's participation in the 1978 class action.

 Nor can the court agree with plaintiff's assertion that equity demands waiver of the Title VII filing period requirement. Plaintiff correctly notes that a timely charge of discrimination is not a Title VII jurisdictional prerequisite, but rather a requirement that, like a statute of limitations, is subject to waiver and equitable tolling. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). However, plaintiff fails to bring forth an adequate basis for the court's waiver of the timely charge requirement.

While plaintiff asserts that administrative and legal proceedings prevented him from filing a timely charge of discrimination, the court notes that such proceedings terminated upon the July 2, 1980 denial of plaintiff's claims by the Public Law Board. Plaintiff's chronology of events indicates that plaintiff did not take further action on his claims until March 17, 1982, at which time he filed a charge of discrimination with the EEOC. Plaintiff fails to provide any explanation for his not having filed his

EEOC charge earlier during this 1980–82 period. While the court could conceivably toll the filing period through July 2, 1980, plaintiff's filing on March 17, 1982 would still be untimely, and no circumstances exist to warrant tolling the filing period beyond July 2, 1980.

Consequently, plaintiff may not bring his Title VII claims on the basis of his individual EEOC charge. Plaintiff did not file his charge within the filing period prescribed by Title VII. Furthermore, the filing period was not tolled by the 1978 class action, nor has plaintiff adequately established his right at equity to a waiver of the filing period requirement. Accordingly, plaintiff's Title VII claims are dismissed to the extent they are brought on the basis of his March 17, 1982 EEOC charge of discrimination.

■ Alternatively, plaintiff brings his Title VII claims on the basis of a Notice of Right to Sue issued to plaintiff on September 30, 1982. The basis for this Notice of Right to Sue is a 1974 EEOC Commissioner's Charge of Discrimination, filed by then-Commissioner Ethel Bent Walsh against Burlington Northern, the United Transportation Union, and others. A recent decision by this court, however, held that the 1974 Commissioner's Charge is deficient, and therefore may not be used to meet the prerequisites for a Title VII action.

In *Holden v. Burlington Northern, Inc.,* 568 F.Supp. 720 (D.Minn.1983), this court had occasion to examine the 1974 Commissioner's Charge currently under question. On the basis of the decision of the Eighth Circuit Court of Appeals in *Shell Oil Co. v. United States EEOC,* 676 F.2d 322 (8th Cir.1982), *reh'g denied,* 689 F.2d 757 (8th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 1181, 75 L.Ed.2d 429 (1983), this court found that the 1974 Commissioner's Charge is deficient in two respects. First, the 1974 Charge fails to refer to the date of any alleged unlawful employment practice. Second, the Charge neglects to provide either a factual or a statistical basis for its allegations. As a result, this court held

that the 1974 Commissioner's Charge may not be used to fulfill the prerequisites for a Title VII action.

Accordingly, on the basis of *Holden v. Burlington Northern,* plaintiff's Title VII action is dismissed to the extent it is based upon the 1974 Commissioner's Charge.

■ Besides his claims of discrimination, plaintiff also brings a claim against defendant Union for breach of duty of fair representation. While plaintiff asserts that he is well within the limitations period for bringing such an action, a recent decision by the Supreme Court establishes a six-month statute of limitations in this area. As plaintiff did not bring his claim within this six-month period, his claim of breach of duty of fair representation must be dismissed.

In the recent case of *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court examined the issue of choice of statute of limitations in actions alleging breach of collective-bargaining agreements and breach of duty of fair representation. The Court noted that in the past, due to the absence of any federal statute of limitations in this area, analogous state statutes of limitations had been utilized. The Court felt, however, that a more apt analogy for these causes of action could be made to a federal statute of limitations already in existence. Referring to § 10(b) of the National Labor Relations Act, the Court thereupon applied a six-month statute of limitations to the two causes of action presented. *Id.,* 103 S.Ct. at 2293–94.

Plaintiff's current claim is indistinguishable from the claim brought in *DelCostello.* In both instances, plaintiffs have alleged breach of a union's duty of fair representation. Consequently, the six-month limitations period prescribed in *DelCostello* governs the case at hand.

Accepting plaintiff's interpretation of the facts in this case, the six-month limitations period would not commence until the July 2, 1980 dismissal of plaintiff's claims by the Public Law Board. Plaintiff, however, did not file his current action until November

29, 1982, more than one-and-a-half years after the expiration of the six-month limitations period. As a result, the court finds that plaintiff is barred by the statute of limitations from bringing his claim of breach of duty of fair representation.

Finally, the court notes that plaintiff makes a motion to amend his complaint. Plaintiff states that any reference in his complaint to 42 U.S.C. § 1981 is the result of error, and should instead read 42 U.S.C. § 2000e *et seq.* The court grants plaintiff's motion to amend, and accordingly ignores any reference by counsel to 42 U.S.C. § 1981.

On the basis of the foregoing conclusions,

IT IS HEREBY ORDERED that plaintiff's complaint against Burlington Northern, Inc., and the United Transportation Union be dismissed with prejudice.