**Patrick COSTANZO, et al., Plaintiffs,**

v.

**UNITED PARCEL SERVICE, INC., and Local 804, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

No. 82 C 1738.

United States District Court,
E.D. New York.

Nov. 10, 1983.

Robert D. Farkas, Scotch Plains, N.J., for plaintiffs.

Proskauer, Rose Goetz & Mendelsohn, New York City (Jeffrey A. Mishkin, Wanda Ellert, Joseph R. Knock, New York City, of counsel), for defendant United Parcel Service.

Cohen, Weiss & Simon, New York City (Stanley M. Berman, New York City, of counsel), for defendant Local 804.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs brought this action in the Supreme Court of the State of New York, Queens County, seeking declaratory and injunctive relief, and, without mentioning the Labor Management Relations Act (the Act), 29 U.S.C. § 141 *et seq.*, alleged that defendant union breached its duty of fair representation and that defendant employer joined in that breach. Defendants Unit-

ed Parcel Service, Inc. (United Parcel) and Local 804, International Brotherhood of Teamsters (the Union) removed the case to this court, asserting that the allegations of the complaint state a claim under the Act. Thereafter, pursuant to stipulation, plaintiff filed an amended complaint, asserting jurisdiction under the Act. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that the action was not timely brought.

The pertinent undisputed facts are, in substance, as follows. Under a collective bargaining agreement in effect between United Parcel and the Union for the period of June 7, 1977 through April 30, 1979 (the 1977 Agreement) an employee's layoff seniority date was determined differently from his "bidding" seniority date. For purposes of layoffs an employee's seniority date was his date of hire by United Parcel. However, for purposes of bidding for available routes, overtime, vacation time and day off schedule an employee lost his seniority if he transferred to another classification (e.g., from "package driver" [delivery van operator] to "feeder driver" [tractor-trailer truck operator]). When he transferred to another classification he was given a bidding seniority date in the new group one day later than the seniority date of the then most junior employee in the group in the geographic district.

In the spring of 1979 the Union suggested modifications for the new agreement to go into effect May 1, 1979. These included a proposal to allow full company seniority (and not merely "layoff" seniority) to any employee who transferred to a different classification. United Parcel agreed; the proposal was incorporated into the 1979 Agreement; the Union notified United Parcel in July 1979 that the agreement had been ratified; and it went into effect.

Plaintiffs are forty one current or former United Parcel employees and members of the Union who in 1979 were all feeder drivers. They say they have suffered a relative loss in seniority because the 1979 Agreement changed the prior 1977 Agreement and allowed employees from other classifications to transfer into the feeder driver classification without sacrificing company seniority for any purpose. They claim that, despite Union ratification of the 1979 Agreement, the seniority change was contrary to the expressed will of the membership.

Plaintiffs commenced the action in May 1982, more than two years after the agreement went into effect. Defendants argue that under the reasoning of the decision in *DelCostello v. International Bhd. of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), this court should apply the six month statute of limitations of Section 10(b) of the National Labor Relations Act, as amended (NLRA), 29 U.S.C. § 160(b). That section provides, in pertinent part, "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made."

In the *DelCostello* case the Supreme Court dealt with two separate suits by employees against their employers and their unions claiming that the employers had breached collective bargaining agreements and the unions had breached their duties of fair representation in the ensuing grievance or arbitration proceedings. The Court decided that it should "borrow" the six month limitation period contained in Section 10(b) of the Act, and held that suits brought more than six months after the claims accrued were barred.

Although the claims against the employers in the *DelCostello* case were based on breach of contract, the court determined that the limitation provision in Section 10(b) provided a closer analogy than available state statutes. The Court noted that, even if not all breaches of a union's duty of fair representation are unfair labor practices, the "family resemblance" was undeniable. 103 S.Ct. at 2293. Adopting the reasoning of Stewart, J., in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–68, 67 L.Ed.2d 732 (1981),

**1120**

the Court concluded that Congress had, in establishing the six month limitation period of Section 10(b), decided the proper balance between on the one hand the national interests in stable bargaining relationships and finality of private settlements and on the other an employee's interest in setting aside an allegedly "unjust settlement" reached by "collective bargaining." The need for uniformity among procedures for similar claims, and Congress' clear indication of the proper balance between the interests at stake, led the Court to adopt the limitation period in Section 10(b).

At least as to United Parcel, this analysis applies with even more force than it did to the employers in the *DelCostello* case. Here there can be no pretense that United Parcel breached an agreement with plaintiffs. There is no allegation in the amended complaint that United Parcel induced the Union to violate any contractual obligation it had to its members. Therefore, such rights as plaintiffs may have against United Parcel presumably stem from the Act.

The reasoning of the *DelCostello* case is as pertinent to the claim against the Union here as it was to the claims against the unions there. Plaintiffs suggest that the holding should apply only to actions to vacate an arbitration award. But there is no warrant for that. The Union has a duty of fair representation both in contract negotiations and in arbitration proceedings, and the employee's interest in setting aside what he deems an "unjust settlement" is no different whatever the stage of "collective bargaining" at which that settlement is reached. Indeed, one of the reasons the *DelCostello* decision rejected the state statute of limitations applicable to actions to vacate an arbitration award was that it was inappropriate to many breach of duty claims, for example, a claim of failure to pursue a grievance "through even preliminary stages." 103 S.Ct. at 2291, n. 16.

Defendants' motions for summary judgment are granted. The complaint is dismissed. So ordered.