**Margot SOLO, Plaintiff,**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., and International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Defendants.**

**No. 83 C 3448.**

United States District Court, E.D. New York.

Jan. 17, 1984.

---

Wallace M. Germain, Jackson Heights, N.Y., for plaintiff.

Andrew M. Upton, New York City, for defendant Pan American.

Herbert K. Lippman, New York City, for defendant Teamsters.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff Margot Solo brought this action in the Supreme Court of the State of New York, Nassau County, seeking damages against her former employer, Pan American World Airways, Inc. (Pan American) and her former union, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the Union). The complaint alleges, in substance, the following. In March 1977 she became disabled because she had to work in a room with co-workers who smoked cigarettes. She remained disabled until March 1981. Because the Union made only feeble and unsuccessful efforts to file a grievance procedure she was unable to return to work "in a smoke free atmosphere." Pan American then terminated her in violation of the union contract. Both defendants did not provide her proper working conditions.

Defendants removed the action here on the ground that the complaint, although it mentions no statutes, alleges termination in violation of a collective bargaining agreement entered into pursuant to The Railway Labor Act, as amended, 45 U.S.C. § 151 *et seq.*

Defendants move to dismiss on the ground, among others, that the action is time-barred under the reasoning of the decision in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The parties rely upon matters outside the pleadings, and the court, pursuant to Federal Rule of Civil Procedure 12(b), considers the motions as seeking summary judgment.

The *DelCostello* case involved two separate suits by employees against their employers and their unions claiming that the employers had breached collective bargaining agreements and the unions their duty of fair representation in the ensuing grievance or arbitration proceedings. The Supreme Court decided to "borrow" the six month limitations period of Section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(b), as the period applicable to the claims against both the employer and the union.

Section 10(b) provides, in pertinent part, "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made." Without deciding the question whether all breaches of a union's duty of fair representation are unfair labor practices, the Court noted an undeniable "family resemblance," 103 S.Ct. at 2293, and found in the National Labor Relations Act a closer analogy than was available in state statutes.

The reasoning of that decision applies generally to cases claiming a breach of the duty of fair representation and not merely to actions to vacate an arbitration award. *Costanzo v. United Parcel Service, Inc., et al.*, 573 F.Supp. 1118 (E.D.N.Y.1983). The *Costanzo* case arose out of conduct during the negotiation of a collective bargaining agreement governed by the National Labor Relations Act. The only question is whether the same result should follow in a case involving the Railway Labor Act. There appears to be no reported authority on the subject in this Circuit.

Plaintiff has advanced no good reason why the same limitations period should not apply to cases brought under both statutes. In both instances the court must "borrow" a period from another source because the statute provides none. The duty of fair representation under both statutes is essentially the same, and this court must weigh the same interests as the Supreme Court considered in the *DelCostello* case. 103 S.Ct. at 2294. The court therefore holds that the six month limitation period applies. The same result was reached in *Linder v. Berge*, 567 F.Supp. 913 (D.R.I. 1983); and *Pulley v. Burlington Northern, Inc.*, 568 F.Supp. 1177 (D.Minn.1983).

Plaintiff's claim against Pan American accrued no later than July 3, 1981, the date of the letter that gave her notice of her removal from the payroll on March 31, 1981. The complaint alleges that the Union's mishandling of her grievance occurred prior to, and indeed caused, her termination. Thus her claim against the Union had accrued by March 31, 1981. The state court action was commenced by service of the summons on Pan American on May 31, 1983. Both claims are time-barred.

The court need not consider defendants' other contentions. Defendants' motions are granted. The complaint is dismissed. So ordered.