**Mohammed OSMAN, Plaintiff,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC. and The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of American and Airline and Aerospace Employees Local Union No. 732 of the International Brotherhood of Teamsters, Defendants.**

No. 83 Civ. 4152 (JES).

United States District Court, S.D. New York.

May 16, 1984.

Cohen & Tucker, New York City, for plaintiff; Stephen M. Perlitsh, New York City, of counsel.

**518**

Herbert K. Lippman, New York City, for defendants IBT and Local Union No. 732.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Mohammed Osman was fired from his job with Pan American World Airways, Inc. ("Pan Am") on June 22, 1982. Osman was a member of defendant Airline and Aerospace Employees Union, Local 732 of defendant The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (collectively referred to herein as "the Union"). The Union represented plaintiff in a grievance proceeding contesting plaintiff's discharge before the Eastern Regional Field Board of Adjustments. The Board denied the grievance and upheld Pan Am's discharge of plaintiff on November 22, 1982.

Plaintiff originally commenced this action against Pan Am in New York Supreme Court, alleging wrongful discharge. Pan Am removed the action to this court on May 31, 1983. At a Pre-Trial Conference on June 10, 1983 the Court dismissed the complaint because the Union had not been joined as a party and granted leave to amend by Order dated June 13, 1983. Plaintiff filed an amended complaint on July 11, 1983, adding the Union as defendant and alleging breach of the Union's duty of fair representation. The amended complaint however, stated no claim against Pan Am, although Pan Am was named as a party in the caption. The Court therefore dismissed the complaint as to Pan Am with prejudice by Order dated August 25, 1983.

 The Union moved to dismiss the complaint against it on the ground that it is barred by the six month statute of limitations set forth in *DelCostello v. International Brotherhood of Teamsters,* — U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiff claims that the *DelCostello* rule does not apply in this case, because plaintiff's employment was pursuant to a collective bargaining agreement governed by the Railway Labor Act, 45 U.S.C. § 151 *et seq.,* whereas *DelCostello* involved a collective

bargaining agreement under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.,* which plaintiff contends does not govern Railway Act cases.

The Second Circuit has recently held that hybrid actions against an employer for wrongful discharge and against a union for breach of the duty of fair representation which arise under the Railway Labor Act are governed by the six month statute of limitations prescribed by *DelCostello. Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, No. 83–7976 (2d Cir. April 25, 1984). ° *See also Soso Laing Lo v. Pan American World Airways, Inc.,* 80 Civ. 428 (E.D.N.Y. Feb. 28, 1984); *Solo v. Pan American World Airways, Inc.,* 577 F.Supp. 20 (E.D. N.Y.1984), *aff'd,* 733 F.2d 239 (1984); *Staggs v. Northwest Airlines, Inc.,* No. 82 C 4658 (D.Ill. Sept. 6, 1983); *Liner v. Berge,* 113 L.R.R.M. 3387 (D.R.I. June 22, 1983). Therefore, it is clear that the six month statute of limitations governs this action.

█ The only issue remaining is when plaintiff's cause of action accrued. Because plaintiff's claims stem from the Union's alleged breach of its duty of fair representation, plaintiff's cause of action against the Union accrued when he knew or reasonably should have known of the Union's breach. *Santos v. District Council of New York City,* 619 F.2d 963, 969 (2d Cir.1980). At oral argument on the Union's motion to dismiss, counsel for plaintiff advised the Court that plaintiff received notice of the Board's decision upholding Pan Am's discharge of plaintiff no later than December 6, 1983, when plaintiff received a copy of that decision. This action was commenced against the Union on July 11, 1983. Therefore, the action is barred by the six month statute of limitations and must be dismissed.

It is SO ORDERED.