**Frank B. HEFFNER, Plaintiff,**

v.

**DIVISION 520, GENERAL COMMITTEE OF ADJUSTMENT, The BROTHERHOOD OF LOCOMOTIVE ENGINEERS, a labor organization; and Elgin, Joliet & Eastern Railway Company, a foreign corporation, jointly and severally, Defendants.**

**Civ. No. H–80–646.**

United States District Court,
N.D. Indiana,
Hammond Division.

June 12, 1984.

James Harris, Hammond, Ind., C. Thomas McCarter, Toledo, Ohio, for plaintiff.

David C. Jensen and Peter L. Hatton, Hammond, Ind., W. Gerald Thursby, Chicago, Ill., James E. McHie, Hammond, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the Court on the Motion for Summary Judgment filed by the defendant, Division 520, General Committee of Adjustment, the Brotherhood of Locomotive Engineers (BLE 520), on May 18, 1984. The plaintiff responded on May 30, 1984. The Motion for Summary Judgment is GRANTED.

The defendant asserts two principal grounds for summary judgment:[1] (1) that the evidence fails to establish a breach of the defendant's duty of fair representation, and (2) that the plaintiff's claim is barred by the applicable statute of limitations. Since the latter ground is dispositive, we need not examine the merits of the first ground. The plaintiff's suit is time-barred.

It is established that in deciding a motion for summary judgment, the court must take all inferences favorable to the non-moving party as true. *Adickes v. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Peoples Outfitting Co. v. General Electric Credit Corp.*, 549 F.2d 42, 45 (7th Cir. 1977). If any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant of summary judgment. *Wolston v. Readers' Digest*, 443 U.S. 157, 162 n. 5, 99 S.Ct. 2701, 2705 n. 5, 61 L.Ed.2d 450 (1979); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Further, summary judgment is

appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *S.J. Groves v. International Brotherhood of Teamsters*, 581 F.2d 1241 (7th Cir.1978). The facts construed in the light most favorable to the plaintiff are as follows.

### I. Facts

The plaintiff Frank B. Heffner was employed by the Elgin, Joliet and Eastern Railroad, holding the classification of engineer and working as an engineer off of the carrier's extra board. At the time this cause arose, Mr. Heffner had been employed by the carrier for nine (9) years. He was a member in good standing of the Brotherhood of Locomotive Engineers. Local Division 520 was his authorized bargaining representative. The carrier and Local 520 were signatories to a collective bargaining contract which governed the wages, hours and working conditions for employees holding the classification of engineer assigned to the Kirk Yard in Gary, Indiana, from which the plaintiff received assignments.

On the morning of February 22, 1978, the plaintiff was called by the carrier's crew caller for a job assignment out of Kirk Yard in Gary, Indiana. The plaintiff could not be reached by phone. At 8:15 a.m., however, the plaintiff called the carrier's round house foreman and asked to be marked off of the work assignment board due to illness. The plaintiff's illness is verified in the record by his physician, Donald M. Phillips, who saw and treated him on February 22, 1978 and released him to work on February 23, 1978.

When Mr. Heffner returned to work on February 23, 1978, he was taken out of service by the carrier for allegedly violating Rule 704 of the collective bargaining agreement, i.e. for the infraction of making himself unavailable for service on February 22. Thereafter, Mr. Heffner filed a grievance based on the carrier's action.

---

**1.** To the extent that these grounds are not clearly stated in the motion itself, they are developed in the trial briefs and various other pre-trial submissions by both parties.

An investigation of the facts surrounding these events was conducted before J.T. Jacobson, the investigating officer for the carrier on April 6, 1978. As a result of this investigation, the plaintiff was formally dismissed from service on April 17, 1978.

The plaintiff still hoped to be reinstated to his job with an award of lost rights and benefits. He gave over his case to the union representative, expecting that the matter would be appealed. The defendant union failed to perfect a timely appeal under the collective bargaining agreement and instead sought Mr. Heffner's reinstatement on a leniency basis. Consideration of a leniency appeal is purely discretionary with the carrier.

On September 5, 1978, the carrier denied defendant BLE 520's leniency appeal on behalf of the plaintiff. The union made several ineffective attempts to obtain Mr. Heffner's reinstatement during the course of the next year.[2] On September 5, 1979, Local 520 sent Mr. Heffner a letter advising him that the appeal as a matter of right and on a leniency basis had been denied.

The plaintiff filed an initial suit against the International B.L.E. and the carrier on March 12, 1980. That suit was dismissed on December 11, 1980 for failure to exhaust administrative remedies against the carrier. The instant suit was filed on November 6, 1980, prior to the dismissal of the earlier action. The plaintiff named both the carrier and the union as defendants. Mr. Heffner's claims against the carrier were dismissed on December 7, 1983, on res judicata grounds.

II. Statute of Limitations

■ Awards and denials of awards by arbitral boards created by the Railway Labor Act (RLA) are reviewable in federal district court, 45 U.S.C. §§ 153 First (p), (q), 153 Second, but Mr. Heffner does not seek judicial review of such an award.

Nevertheless, original federal jurisdiction may be appropriate if the complaint can be read to allege a violation of the Railway Labor Act itself. *Graf v. Elgin, Joliet & Eastern Ry. Co.*, 697 F.2d 771, 774 (7th Cir.1983). *Steele v. Louisville & Nashville R.R.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), held that the Railway Labor Act imposes on the collective bargaining representative a duty independent of the agreement to represent all members of the bargaining unit fairly. Mr. Heffner's complaint alleges a breach of that duty. Twenty-eight U.S.C. § 1337 therefore confers federal jurisdiction over this matter. *Id.* at 774–75.

The defendant union argues, however, that the claims of unfair representation are barred by the rationale of the Supreme Court in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court established a six-month statute of limitations for claims under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). The decision has been given retroactive effect in this circuit. *See Storck v. Int'l Brotherhood of Teamsters*, 712 F.2d 1194 (7th Cir. 1983); *Melmuka v. O'Brien*, 574 F.Supp. 163, 166 (N.D.Ill.1983).

■ Virtually all courts considering the issue have held that the *DelCostello* limitations period is applicable to suits under the RLA. *See Welyczko v. U.S. Air*, 733 F.2d 239 (2d Cir.1984); *Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3d Cir.1984); *Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560, 563 n. 6 (9th Cir. 1984); *Grimes v. Louisville & Nashville R.R.*, 583 F.Supp. 642 (S.D.Ind.1984); *Lang v. Consolidated Rail Corp.*, 579 F.Supp. 705 (E.D.Mich.1984); *Solo v. Pan American World Airways*, 577 F.Supp. 20 (E.D. N.Y.1984); *Pulley v. Burlington Northern*

2. On November 3, 1978, Mr. R.G. Lavedas, local chairman of BLE 520, attempted to obtain reinstatement for Mr. Heffner through a written challenge to the September 5 decision. The Railroad immediately denied the request. A further effort was made in July 1979, and the Railroad again refused to reconsider its decision. A letter of August 13, 1979, written by the carrier's Director of Labor Relations explained the employer's decision. This letter was apparently transmitted to Mr. Heffner prior to the September 5, 1979 packet. *See* Deposition of Frank B. Heffner, April 16, 1981, at pages 32–33.

*Inc.*, 568 F.Supp. 1177 (D.Minn.1983); *Linder v. Berge*, 567 F.Supp. 913 (D.R.I.1983). The courts have reached this conclusion, in general, because there is no material distinction between intramural union disputes under the RLA and the NLRA. The duty of fair representation under both statutes is essentially the same and the rationale for a short limitations period is transferrable. In both the RLA and NLRA contexts, the six-month period accommodates a "balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside the 'final and binding' determination of a grievance through the method established by the collective-bargaining agreement." *DelCostello*, 462 U.S. at ——, 103 S.Ct. at 2294, 76 L.Ed.2d at 493, quoting *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–1568, 67 L.Ed.2d 732 (1981). We concur with the well reasoned opinions which have applied the *DelCostello* rationale to RLA suits such as the one at bar.

██ Construing the equities of the instant case in the light most favorable to the plaintiff, his suit is barred by this six-month requirement. Mr. Heffner was formally dismissed from service on April 17, 1978; his leniency appeal was first rejected on September 5, 1978. Arguably, his claim against the union arose in the interim at the time BLE 520 failed to perfect a timely appeal. Alternatively, the union's alleged intentional misconduct may have kept Mr. Heffner in the dark as to the status of his grievance until September 5, 1978. At the outside, the plaintiff became aware of the situation through the union's letter of September 5, 1979, though at that point it would be difficult for Mr. Heffner to prove that his continued reliance on the union was reasonable.[3]

Assume for purposes of the summary judgment motion that Mr. Heffner's cause of action arose when he received the packet of materials on or about September 6, 1979. This suit against BLE 520 was filed on November 6, 1980, well outside the six month limit. Mr. Heffner may argue that the earlier suit against the International BLE and the carrier tolled the limitations period against the Local 520. The local union could and arguably should have been named in that earlier action. However, the initial suit was filed on March 12, 1980, also outside the six-month period adopted in *DelCostello*. Mr. Heffner has not presented equitable grounds which require a reassessment of this limitations period, other than the unavoidable hardship that the six-month limit bars his suit. This is hardly an unusual result of such time limits and does not merit further discussion.

## III. Conclusion

We concur with the numerous federal courts which have applied the *DelCostello* reasoning to claims of breach of collective bargaining agreement arising under the RLA. Consequently, we impose a six-month period of limitations applicable to such suits. At the latest possible date, Mr. Heffner's claim arose on September 6, 1979. At the earliest possible date, a suit was filed on March 12, 1980, tolling the limitations period. More than six months elapsed between these two dates and Mr. Heffner's suit is time-barred.

It is therefore ORDERED that the defendant BLE 520's *Motion for Summary Judgment* is GRANTED. The Clerk of the Court is directed to enter judgment accordingly.

---

**3.** The plaintiff testified in deposition that he received a copy of the railroad's letter of August 13, 1979 prior to the September, 1979 packet. The August 13 letter gave Mr. Heffner "the impression that they had exhausted all their rights for another appeal." This prompted the plaintiff to contact his union and request the materials sent on September 5, 1979. *See* Deposition of Frank B. Heffner at pages 32–33.