Cecil BELL, Plaintiff,

v.

The NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) and Transport Workers Union of America, AFL–CIO, Local 1460, Defendants.

TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO, LOCAL 1460, Third Party Plaintiff,

v.

Noah KINIGSTEIN, Third Party Defendant.

No. 85 Civ. 1893 (JFK).

United States District Court, S.D. New York.

Dec. 2, 1986.

Noah A. Kinigstein, New York City, pro se, for plaintiff Cecil Bell and third party defendant Noah Kinigstein.

O'Donnell & Schwartz, New York City (Malcolm A. Goldstein, of counsel), for third party plaintiff and defendant Transport Workers Union of America, AFL–CIO, Local 1460.

Siff & Newman, P.C., New York City (Mark S. Landman, of counsel), for defendant National R.R. Passenger Corp.

## OPINION AND ORDER

KEENAN, District Judge:

### Background

Plaintiff Cecil Bell is suing his former employer, the National Rail Passenger Corporation ("Amtrak"), and his former union, Local 1460 of the Transport Workers Union of America, AFL–CIO ("Local 1460"), claiming that Amtrak improperly discharged him and that, in processing the grievance concerning his discharge from employment, Local 1460 breached the duty of fair representation it owed to him.

Amtrak moves for judgment on the pleadings and Local 1460 moves to dismiss pursuant to Rules 12(b)(1) and (6), or alternatively for summary judgment pursuant to Rule 56, and for its costs and fees, including counsel fees.

Plaintiff was employed by Amtrak as a train attendant and was a member of Local 1460. (Complaint ¶ 4, John McGrath Affidavit ¶ 2) ("McGrath Affidavit"). Labor relations between Amtrak and Local 1460 are governed by a collective bargaining agreement negotiated pursuant to the Railway Labor Act, 45 U.S.C. §§ 151ff ("RLA"). (Complaint Jurisdiction Paragraph; McGrath Affidavit ¶ 3).

On or about May 10, 1983, Bell was charged by Amtrak with violations of its rules, stemming from an incident which allegedly occurred on May 7, 1983. (Complaint ¶ 5; McGrath Affidavit ¶ 4 and Ex. 2). On May 25, 1983, Amtrak conducted a hearing on the charges against Bell. (Complaint ¶ 6; McGrath Affidavit ¶ 6 and Ex. 3). On June 3, 1983, the Amtrak hearing officer ruled that Bell's violations of Amtrak's rules warranted discharge. (Complaint ¶ 11; McGrath Affidavit ¶ 7 and Ex. 4).

Local 1460 appealed the hearing officer's decision to Amtrak's Regional Manager of Labor Relations. The Regional Manager of Labor Relations denied the appeal. (Complaint ¶ 14; McGrath Affidavit ¶ 9 and Ex. 6). The Union appealed the discharge to Amtrak's Corporate Director of Labor Relations. This was the third step of the contractual grievance procedure. (Complaint ¶ 15; McGrath Affidavit ¶ 10 and Ex. 7). The Corporate Director of Labor Relations also denied the appeal, and the Union then appealed to arbitration before a Public Law Board. (Complaint ¶¶ 16–7; McGrath Affidavit ¶¶ 11–2 and Exs. 8 and 9).

On June 6, 1984, the Public Law Board held a hearing on Bell's discharge, and thereafter sustained his discharge. (Complaint ¶ 18–9; McGrath Affidavit ¶ 16–7 and Ex. 13).

Bell employed his own attorney, third party defendant Noah A. Kinigstein ("Kinigstein") who prepared the brief that Local 1460 submitted to the Public Law Board and appeared before and argued to the Public Law Board together with Local 1460's president McGrath. (McGrath Affidavit ¶¶ 13–16). This action was filed on March 11, 1985.

### Discussion

Defendants urge that the Complaint is time-barred because the action was not brought within the requisite six-month statute of limitations and that since this is a grievance involving the interpretation of a collective bargaining agreement it is a minor dispute over which this Court has no jurisdiction. The Court holds that it lacks jurisdiction over the claim against the employer and that the claim against the union is barred by the statute of limitations.

■ In June 1984, the plaintiff's claim of wrongful discharge against the employer was heard by a public law board. These tribunals are authorized by 45 U.S.C. § 153 Second as a private alternative to the National Railroad Adjustment Board, and must conform to the same procedural restraints imposed on the adjustment boards. *See BRAC v. St. Louis Southwestern Railway*, 676 F.2d 132, 135 n. 2 (5th Cir.1982). The statute provides that public law board decisions are enforceable "by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board." 45 U.S.C. § 153

Second. This means that board findings are conclusive unless the board failed to comply with the statute, failed to confine itself to matters within its jurisdiction, or acted in a corrupt or fraudulent manner. *See* 45 U.S.C. § 153 First(q). The Supreme Court has indicated that orders of an adjustment board can only be set aside for one or more of these three reasons. *See Union Pacific Railroad v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978). Thus, the scope of judicial review of these decisions is one of the narrowest in our system. *See United Steelworkers of America v. Union Railroad Co.,* 648 F.2d 905, 910 (3d Cir.1981); *International Assoc. of Machinists & Aerospace Workers v. Southern Pacific Transportation Co.,* 626 F.2d 715, 717 (9th Cir.1980).

■ In this case, the plaintiff has not alleged that the board acted in any manner which would enable the Court to review its findings. Although the complaint alleges that the employer's investigation officer had a "personal antagonism" towards the plaintiff, this clearly falls short of any claim that the public law board acted either fraudulently or corruptly. *See D'Elia v. New York, New Haven & Hartford Railroad,* 338 F.2d 701, 702 (2d Cir.1964) (per curiam), *cert. denied,* 380 U.S. 978, 85 S.Ct. 1340, 14 L.Ed.2d 272 (1965). The plaintiff's complaint against the defendant employer is dismissed.

Turning to the claim against the union, the plaintiff agrees (Plaintiff's Memorandum of Law, p. 10) that the applicable statute of limitations is six months. This was decided by virtue of the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Although *DelCostello* concerned an action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), the same statute of limitations has been applied to suits like this under the Railway Labor Act. *Welyczko v. U.S. Air, Inc.,* 733

F.2d 239, 240 (2d Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *Dozier v. Trans World Airlines, Inc.,* 760 F.2d 849, 851 (7th Cir.1985) (per curiam); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188, 1193 (3d Cir.1984); *Hunt v. Missouri Pacific Railroad,* 729 F.2d 578, 581 (8th Cir.1984) (per curiam).

In actions such as this joining claims against both the employer and the union, the Second Circuit has held that an employee's cause of action accrues when "he knew or reasonably should have known" that a breach of the union's duty of fair representation occurred, "even if some possibility of nonjudicial enforcement remained." *Santos v. District Council of New York City,* 619 F.2d 963, 969 (2d Cir.1980). *See Boyd v. Teamsters Local Union 553,* 589 F.Supp. 794, 796 (S.D.N.Y.1984); *Osman v. Pan American World Airways, Inc.,* 584 F.Supp. 517, 518 (S.D.N.Y.1984).

In *Schum v. South Buffalo Railway,* 496 F.2d 328 (2d Cir.1974) as the Plaintiff's Memorandum observes at p. 19, the facts are "admittedly different" than the fact pattern here. In plaintiff's affidavit at paragraphs 6 and 13 he sets forth reasons why on May 25, 1983 at the company hearing he knew that the union was not representing him as he thought it should. *Schum* is of no solace to this plaintiff.

■ In the present case, the plaintiff's claims concerning the union's alleged breach of its duty of fair representation involve the union's representation of him at the company hearing on May 25, 1983. Bell claims that Local 1460 refused to speak with him before the hearing and failed "to interview necessary witness" and "to present exculpatory witnesses." (Complaint ¶ 8). Thus, the claim for relief accrued then, May 25, 1983, and this suit begun March 11, 1985 is time-barred under *DelCostello* and *Welyczko.*

The plaintiff argues that this six month statute is tolled because of the need for plaintiff to exhaust administrative reme-

dies and that the action was filed some five months and six days after he exhausted "his grievance/arbitral remedies, within the six months period mandated by *DelCostello.*" (Plaintiff's Memorandum of Law, p. 14).

The Court finds this argument unavailing. Plaintiff relies on *Clayton v. International Union,* 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981), where the Supreme Court held that exhaustion of internal union appeals procedures would not be required as a prerequisite to a judicial proceeding in certain circumstances. If exhaustion of extra-judicial proceedings were required, it would be appropriate to toll the statute of limitations pending the resolution of those proceedings. However, plaintiff's reliance on *Clayton* is misplaced because while that case involved the use of internal union appeals procedures, this case involves an administrative remedy—the use of a public law board. As the Supreme Court stated in *Czosek v. O'Mara,* 397 U.S. 25, 27–28, 90 S.Ct. 770, 772, 25 L.Ed.2d 21 (1970), duty of fair representation claims are "not ... subject to the ordinary rule that administrative remedies should be exhausted before resorting to the courts."

To toll the statute of limitations pending the board's determination of the wrongful discharge claim would make a fair representation claim unduly contingent upon the petitioner's success in the administrative proceeding. This Court, in its discretion, holds that the statute of limitations regarding the fair representation claim continued to run during the public law board's adjudication.

### Conclusion

The claim against the union is dismissed on statute of limitations grounds. The claim against the employer is dismissed for lack of jurisdiction. The Court declines to award costs or counsel fees not finding that plaintiff or his attorney were harassing or engaging in vexatious conduct.

SO ORDERED.