Richard O. RADER, Plaintiff-Appellant,

v.

UNITED TRANSPORTATION UNION,
Southern Railway Company,
Defendants-Appellees.

No. 82–7342.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1983.

Donald W. Davis, Birmingham, Ala., for plaintiff-appellant.

Sydney F. Frazier, Jr., Cabaniss, Johnston, Gardner, Dumas & O'Neal, R. Boyd Miller, James H. Wettermark, Birmingham, Ala., for defendants-appellees.

Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD,* District Judge.

ALLGOOD, District Judge:

Richard O. Rader appeals from the decision of the district court to grant a summary judgment in favor of the Southern Railway Company (Southern) and United Transportation Union (Union) in his action for breach of the collective bargaining agreement and breach of the Union's duty of fair representation. He contends that the court erred in finding: (1) that the actions against both defendants were

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

barred by the statute of limitations; (2) that the action against Southern was barred for failure to exhaust the administrative remedies under the Railway Labor Act, 45 U.S.C. §§ 151, et seq.; and (3) that the action against UTU was barred for failure to exhaust internal union remedies.

In 1968, Mr. Rader was employed by Southern as a trainman. He became a conductor in 1970 and maintained his seniority as a conductor in the Atlanta to Brunswick seniority district until 1979. In 1970 Southern and the Union entered into an agreement whereby the Atlanta South Conductors Seniority District was divided into two subdistricts (Atlanta-Macon and Macon-Brunswick). The conductors were allowed to retain their district seniority and could choose to work exclusively in one subdistrict as long as there were sufficient conductors to work the other subdistrict.

In October, 1979 Rader advised Southern by letter that he was forfeiting his seniority rights as a conductor in order to bid for a job as a switchman in the Macon yard. Southern acknowledged this relinquishment of rights on the Atlanta and Macon boards by a letter which Rader claims never to have received. According to Rader, in the summer of 1980 he learned that his seniority rights had been forfeited for both the Atlanta and Macon yards rather than just Macon as he had intended.

On August 27, 1980 Rader filed a grievance with the company asserting that his seniority status for the Atlanta yard should be reinstated. Two days later he wrote the local chairman, Cook, asking for the Union's position on his claim. In September he received a reply from Cook indicating that the complaint was without merit. Rader then consulted an attorney who contacted UTU's General Chairman, Gambrell. Gambrell concluded that under the terms of the collective bargaining agreement and in light of Rader's October, 1979 letter forfeiting his seniority, the grievance would not be supported by the Union. The letter from Gambrell was dated November 12, 1980 but was not received by Rader's attorney until November 21, 1980. Rader pursued the action with Southern and the Union no further until he filed this action in federal court on November 19, 1981. Both defendants filed motions for summary judgment which were granted by the trial court on September 22, 1982. We agree with the district court that Rader's failure to pursue the statutory grievance procedures and internal union procedures was fatal to the claim.

The National Railroad Adjustment Board was established by the 1934 amendments to the Railway Labor Act of 1926. The Supreme Court in *Brotherhood of Railroad Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957), reviewed the legislative history of the Railway Labor Act and said:

> This record is convincing that there was general understanding between both the supporters and the opponents of the 1934 amendment that the provisions dealing with the Adjustment Board were to be considered as compulsory arbitration in this limited field. Id. at 39, 77 S.Ct. at 640.

In 1966, in *Walker v. Southern R. Co.*, 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966), the court stated that:

> Provision for arbitration of a discharge grievance, a minor dispute, is not a matter of voluntary agreement under the Railway Labor Act; the Act compels the parties to arbitrate minor disputes before the National Railroad Adjustment Board established under the Act. Id. at 198, 87 S.Ct. at 366.

Minor disputes have been regarded as those which relate to either the meaning or proper application of a particular provision of a collective bargaining agreement with reference to a particular situation. *Elgin, Joliet & Eastern Railway Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289–90, 89 L.Ed. 1886 (1945). Since this action arose over the interpretation of the collective bargaining agreement regarding seniority rights, it clearly falls into that group of grievances over which the NRAB has jurisdiction. *Reed v. National Air Lines, Inc.*, 524 F.2d 456 (5th Cir.1975).

The Supreme Court has specifically rejected the contention of a railroad employee that he was entitled to pursue a suit in federal court without first exhausting the remedies available to him under the Railway Labor Act. *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). The plaintiff points out that exceptions have been made to the exhaustion requirement. They are rare, however. Rader argues that there was a conspiracy between the Union and Southern to deliberately mislead him concerning relinquishment of his conductor's seniority rights. According to Rader, this agreement between the Union and Southern would have made further pursuit of administrative remedies futile and would bring him within the exception set out by the Supreme Court in *Glover v. Louis-San Francisco Railway Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

In this instance the only evidence of collusion that the plaintiff cites is the failure of the Union to pursue his grievance. Since the Railway Labor Act allows an employee to process a claim to National Railway Adjustment Board without the concurrence of the Union, this allegation is an insufficient ground for allowing the plaintiff to avoid exhausting his administrative remedies. 45 U.S.C. § 153, First (i) and (j). The *Glover* case on which the plaintiff relies may be distinguished from the instant case as *Glover* involved systematic racial discrimination against a group of employees by both the Union and the Railroad. We are bound by the decision of the Supreme Court in *Andrews,* decided three years after *Glover,* which requires an exhaustion of administrative remedies, without exception, prior to pursuing an action in federal court.

The district court also held that Rader's action was barred for failure to exhaust internal union remedies. Exhaustion of these internal remedies is a prerequisite for bringing a fair representation suit. *Clayton v. United Automobile, Aerospace, and Agricultural Implement Workers,* 451 U.S.

679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) The *Clayton* court noted:

> Courts have discretion to decide whether to require exhaustion of internal union procedures. In exercising this discretion, at least three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust. Id. at 689, 101 S.Ct. at 2095.

The court below properly exercised its discretion and with all the facts before it found no justification for Rader's failure to exhaust the internal union remedies. We find no error in that decision.

The district court determined that this action was barred by the statute of limitations. As we have found that Rader failed to exhaust both internal union procedures and remedies available under the Railway Labor Act thus barring his action in federal court, we find no need to address the statute of limitations question.

The decision of the district court that this suit is barred on the ground that the plaintiff failed to exhaust his administrative remedies is

AFFIRMED.