**E.C. OLIVER**

v.

**LOCAL NO. 1261 UNITED TRANSPORTATION UNION—ENGINEMEN & SOUTHERN RAILWAY CO.**

Civ. No. C-83-707-A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 28, 1984.

Ezra B. Jones, Atlanta, Ga., for plaintiff.

Cary P. DeDeyn, Sutherland, Asbill & Brennan, Atlanta, Ga., for Southern.

James H. Wettermark, Birmingham, Ala., David B. Kitchens, Atlanta, Ga., for Union.

## ORDER

O'KELLEY, District Judge.

Presently pending before the court in this action pursuant to the National Railway Labor Act, 45 U.S.C. §§ 151 et seq., are motions for summary judgment by the defendants Southern Railway Company (Southern) and Local 1261, United Transportation Union (UTU).

Plaintiff Oliver has been a member of UTU since he began working at Southern in July of 1970. During the summer of 1979, Oliver and his family decided to move to Jacksonville, Florida. At the time he made this decision, Oliver was working as an engineer on Southern's Piedmont Division, South End. Oliver contacted Southern employees in Jacksonville, to discern whether he could be employed in the Coastal Division, within which Jacksonville is situated. Oliver was advised that he could probably find a job as a switchman and that there was a possibility that he could work as an engineer (Oliver deposition, p. 7).

In a letter dated August 15, 1979 and addressed to Piedmont Division Superintendent S.E. Hawkins, Oliver requested a transfer to the Coastal Division. Oliver was aware that he would have to give up his seniority in the Piedmont Division before he could begin working in the Coastal Division, as it was not possible to hold seniority in two different divisions of the railroad (Oliver deposition, pp. 12–13).

Oliver reported to the Jacksonville Superintendent of Terminals following his arrival in Jacksonville. On September 15, 1979, Oliver was advised that he could join the Coastal Division as an engineer. Oliver contends that he was informed that he would have to "cub" (work as an apprentice) for approximately two weeks before he could begin to establish seniority in the Piedmont Division, following which he resigned his seniority in the Coastal Division in a letter dated September 18, 1979. According to Oliver's allegations, a few days after he tendered the letter he was told that his apprenticeship would last some three or four months and would be without pay. Oliver then decided to return to Atlanta. Upon his return to the Piedmont Division, Oliver was informed that he would have to begin as though he was a new man, as he had resigned his seniority before leaving for the Coastal Division (Oliver deposition, pp. 21–22). Oliver contends that he was denied seniority in violation of his bargaining agreement and that he should be able to regain his seniority.

In an attempt to regain his seniority in the Piedmont Division, Oliver requested the assistance of UTU and its local chairman. A grievance was filed by UTU's local chairman on behalf of Oliver on November 25, 1979. Southern denied the grievance on December 13, 1979. Following this denial, Oliver requested UTU General Chairman R.M. Gambrell to appeal his grievance. The appeal was filed on March 4, 1980. Southern denied the appeal on April 30, 1980. Shortly thereafter Oliver was advised that UTU would not follow the matter further. On April 13, 1981 Oliver wrote UTU requesting that it pursue his appeal further. UTU did not do so. Oliver did not pursue his grievance pro se, nor did he appeal UTU's decision not to pursue his grievance. Approximately two years later Oliver commenced the instant action against Southern and UTU. In Count I of his complaint, Oliver alleges that UTU breached its duty of fair representation in its treatment of his grievance. Count II alleges that Southern "participated in the decision of UTU to cease representation of plaintiff in his grievance proceeding" and that as a result Southern is liable to Oliver for all damages resulting from his loss of seniority. Count III alleges that Southern breached the terms of Oliver's collective bargaining agreement.

In its motion for summary judgment, Southern argues that Oliver failed to exhaust his administrative remedies before the National Railroad Adjustment Board, that under the recent decision in *Rader v. United Transportation Union*, 718 F.2d 1012 (11th Cir.1983) Oliver's action is barred. Oliver agrees that his grievance is a "minor dispute" under the Railway Labor Act, 45 U.S.C. §§ 151 et seq., *see Walker v. Southern R. Co.*, 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966); *Brotherhood of Railroad Trainmen v. Chicago River & Indiana R. Co.*, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622 (1957), but contends that he should not be required to exhaust his administrative remedies, since further pursuit of them would have been futile. There is authority that exhaustion is not required

where it would be futile. *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). It is also true, however, that exceptions to the exhaustion requirement are certainly not favored, if they survive *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972) at all. *See Rader, supra,* 718 F.2d at 1014 (*Andrews* "requires an exhaustion of administrative remedies, without exception, prior to pursuing an action in federal court"). Oliver argues that he did not need to exhaust his administrative remedies because to do so would have been futile in light of collusion between UTU and Southern. Oliver has not produced any evidence of collusion, but contends that his allegations of collusion should be sufficient to defeat the defendants' motions. In *Rader* the court stated that

> [t]he only evidence of collusion that the plaintiff cites is the failure of the union to pursue his grievance. Since the Railway Labor Act allows an employee to process a claim to [the] National Railway Adjustment Board without the concurrence of the union, this allegation is an insufficient ground for allowing the plaintiff to avoid exhausting his administrative remedies.

*See also* Fed.R.Civ.P. 56(e) (adverse party may not oppose summary judgment by resting upon the mere allegations of his pleading).

Oliver also contends that his action against Southern should not hinge on proof of collusion between Southern and UTU. Oliver argues that he should not lose his claim against Southern due to failure to exhaust when UTU prevented him from exhausting his administrative remedies, citing *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). This argument is inapposite. In *Vaca* the "union [had] the *sole power* under the contract to invoke the higher stages of the grievance procedure," 386 U.S. at 185 (emphasis added), and thereby its failure to pursue the employee's grievance utterly foreclosed the possibility of relief. In the instant case the plaintiff

could have proceeded pro se, but did not do so. It is apparent that Oliver has not shown any sufficient reason why he should not be bound by *Rader*. He did not exhaust his administrative remedies and he has failed to do more than allege that exhaustion would have been futile. Accordingly, the court must conclude that Oliver's action against Southern is barred.

In its motion for summary judgment UTU argues that *Rader* also bars Oliver's action against it, due to his failure to exhaust internal union remedies. Following the General Chairman's decision not to pursue Oliver's grievance further, Oliver failed to appeal the decision within UTU, as permitted by its Constitution (UTU Constitution, Article 75 (Appeals), UTU Exhibits 11–12). As the *Rader* court stated, "exhaustion of these internal remedies is a prerequisite for bringing a fair representation suit," citing *Clayton v. United Automobile, Aerospace, and Agricultural Implement Workers*, 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). *Clayton* does, however, provide for three factors which would permit a court to exercise its discretion to waive the exhaustion requirement. First, exhaustion is not required where the hostility of union officials would preclude a fair hearing. This factor is clearly *not* implicated. When asked if he knew of any evidence which would indicate a conspiracy against him by UTU, its officials, Southern, or any combination thereof against him, Oliver unambiguously stated that he was not aware of any such evidence (Oliver deposition, pp. 46–47). Oliver further stated that he was unaware of any hostility toward him from UTU officials. *Id.*

The second *Clayton* factor excusing failure to exhaust is inadequacy of remedy. There is no indication that Oliver would have been unable to secure a change in UTU's decision by further pursuing his internal appeals. Finally, there is no indication that exhaustion of internal procedures would have unreasonably delayed Oliver's opportunity to obtain a judicial hearing on the merits of his claim. In fact, there is

**6**

little evidence of haste on Oliver's part, as he waited nearly two years to initiate this action after he was informed that UTU did not intend to further pursue his grievance. In light of the foregoing, and particularly in light of the recent holding in *Rader*, the court concludes that the plaintiff's action against UTU is barred for failure to exhaust internal union remedies.[1]

In summary, Southern's motion for summary judgment is granted, and UTU's motion for summary judgment is also granted. The clerk is directed to enter judgment for the defendants.

---

1. Southern and UTU also argue that Oliver's action is barred by the six month statute of limitations in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Oliver has argued that *Del Costello* should not be applied retroactively. This argument was recently rejected in *Rogers v. Lockheed-Georgia Co.*, 720 F.2d 1247 (11th Cir.1983). Oliver's strongest argument on this issue remains that *Del Costello* is not a Railway Labor Act case. Although UTU has

submitted a copy of a recent decision applying *Del Costello* to a Railway Labor Act case, *Walker v. United Transportation Union*, No. C.V. 82–HM–5683–NW, slip op. (N.D.Ala. Aug. 23, 1983) that case did not discuss the application of the six-month statute of limitations which is derived from § 10(b) of the National Labor Relations Act, to Railway Labor Act cases. In light of the court's holding on the exhaustion issues it is not necessary to address this issue at this time.