723 F.2d 624
 115 L.R.R.M. (BNA) 2434, 99 Lab.Cas. P 10,669
 James ASKEW, Appellant,
v.
F & W EXPRESS, INC.; Hogan Truck Service, Inc.; Local 600,
International Brotherhood of Teamsters,
Chauffeurs, Warehousemen & Helpers of
America, Appellees.
 No. 83-1193.
 United States Court of Appeals,
Eighth Circuit.
 Dec. 27, 1983.
 
 James Askew, pro se.
 Richard Shinners, Diekemper, Hammond & Shinners, St. Louis, Mo., for appellee, Teamsters Local No. 600.
 Malcolm L. McCune, Wade B. Cowan, Gracey, Maddin, Cowan & Bird, Nashville, Tenn., for appellee, F & W Express, Inc.
 Michael P. Burke, Larry M. Bauer, St. Louis, Mo., for appellee Hogan Truck Service, Inc.; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.
 Before HEANEY, ROSS and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is on appeal from the judgment of the United States District Court for the Eastern District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1291 (Supp.1983). Askew filed suit for breach of contract and breach of duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (1978). The case was tried to the court and judgment was entered in favor of appellees, F & W Express, Hogan Truck Service, Inc. and Local 600. This appeal followed.
 
 
 2
 Askew was employed by Harper Freight Lines as a truck driver from 1973 until late 1979. Ultimately, Harper Freight Lines went out of business and was purchased by F & W Express, and F & W hired Hogan Truck Service, Inc. to manage the St. Louis runs. Askew who appeared to be sixth in line by seniority ranking at Harper was not hired by F & W.[2] He filed various grievances all of which were denied. Askew then filed a section 301 action.
 
 
 3
 The district court, 556 F.Supp. 440, concluded it had not been established that F & W breached a collective bargaining agreement, since one did not exist. Also, Askew was never employed by Hogan and there was no agreement to hire Askew. Consequently, no cause of action existed under section 301 against F & W or Hogan.
 
 
 4
 The grievances were filed, heard according to the agreement, and decided against Askew. Askew offered no proof that Local 600 breached its duty of representation. Additionally, stated the district court, any action Askew may have had against Local 600 is barred by the release he gave to Local 600 when he signed and cashed the check from the Union.[3]
 
 
 5
 And finally, the district court found all of Askew's claims to be barred by the statute of limitations. The cause of action accrued in June of 1980 when the grievances were decided. Butler v. Local 823 International Bhd. of Teamsters, 514 F.2d 442 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). The district court decided that under United Parcel Service v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) Askew was required to file by May 1981. Askew, however, did not file suit until December of 1981.
 
 
 6
 During the pendency of this appeal, the Supreme Court decided the case of DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). DelCostello held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b) (1973) with its six month limitation period governed section 301 suits.[4]
 
 
 7
 Askew was put on notice by the Mitchell case that a shorter limitations period might apply. He waited eight months after Mitchell before he filed his cause of action. Consequently, he is also time barred under DelCostello. Since we find his claims to be barred, we need not address the additional issues raised on appeal.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Honorable James H. Meredith presiding
 
 
 [2]
 Only one Harper employee, Gus Hicks, was hired by F & W
 
 
 [3]
 The district court found that in February 1981, Askew cashed a check dated January 30, 1981, from Local 600 in the amount of $12,500.00 which contained the following endorsement:
 Endorsement and negotiation of this check constitutes a full and final release of any and all claims of any nature whatsoever against Highway and City Freight Drivers, Dockmen and Helpers Local Union 600 affiliated with the International Brotherhood of Teamsters including all claims asserted in Cause No. 80-0850(CA) United States District Court, Eastern Division.
 This endorsement was signed by the plaintiff, James Askew, and by his attorney.
 
 
 [4]
 We held in Lincoln v. District 9 of the International Association of Machinists, 723 F.2d 627 (8th Cir. 1983) that DelCostello should be applied retroactively