**Michael ZEMONICK, et al., Appellants,**

**v.**

**CONSOLIDATION COAL COMPANY, a corporation, et al., Appellees.**

**No. 84–1353.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1984.

Decided May 22, 1985.

Robert M. Bastress, Morgantown, W.Va. (Barbara J. Fleischauer, Morgantown, W.Va., on brief), for appellants.

Robert M. Steptoe, Jr., Clarksburg, W.Va. (C. David Morrison, Clarksburg, W.Va., Michael J. Aloi, Manchin & Aloi, Fairmont, W.Va., on brief), for appellees.

Before HALL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Plaintiffs, eleven former employees of Consolidation Coal Company, were discharged for allegedly instigating a wildcat strike. Each plaintiff took his discharge to arbitration, where the dismissals were upheld. In July 1981, approximately sixteen months after the discharges and thirteen months after the last of the arbitration decisions upholding the discharges, the plaintiffs commenced this action in a state court against the employer and the union. They asserted *Vaca-Hines*[1] hybrid claims, charging the employer with a breach of the collective bargaining agreement and the union with failure to discharge its duty of fair representation in the grievance and arbitration proceedings.

The employer removed the case to the United States District Court for the Northern District of West Virginia where the parties commenced extensive discovery and pretrial proceedings, culminating in cross motions for summary judgment. There was no suggestion that the commencement of the proceedings were untimely until July 11, 1983, after the decision of the Supreme Court of the United States in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Supreme Court held for the first time that such hybrid § 301/DFR claims are subject to the six months period of limitations in § 10(b) of the National Labor Relations Act[2] which governs the filing of charges of unfair labor practices with the National Labor Relations Board. Noting that this court, in *Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir.1983), had held that *DelCostello* was to be applied retroactively, the district court dismissed this action as having been barred by the six months limitation period.

Because the circumstances of this case are quite different from those presented in *Murray* and because, with respect to these West Virginia plaintiffs, *DelCostello* represented an abrupt change from what appeared to have been settled law, we think *DelCostello* was improperly given retroactive effect in this case.

1. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

2. 29 U.S.C.A. § 160.

## I.

Since there was no federal statute of limitations directly applicable to actions against an employer under § 301(a) of the Labor Management Relations Act,[3] the Supreme Court held in *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), that the court should borrow from state law the period of limitations most analogous to such an action. Accordingly, this court held in *Kennedy v. Wheeling-Pittsburgh Steel Corp.*, 81 L.R.R.M. 2349, 69 CCH Labor Cases P 12,980 (4th Cir.1972), that the applicable period of limitations for hybrid actions such as this was supplied by West Virginia's statute limiting actions on oral contracts to five years. *See also Howard v. Aluminum Workers International Union*, 589 F.2d 771 (4th Cir.1978).

In the interim between the decisions of the Supreme Court in *Hoosier Cardinal Corp.* and *DelCostello*, there was another significant decision of that Court. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The United States District Court for the Eastern District of New York had held that Mitchell's claim was governed by New York's ninety day statute of limitations applicable to actions to overturn an arbitration award. The United States Court of Appeals for the Second Circuit had reversed, 624 F.2d 394 (1980). The Court of Appeals had held that the relevant statute was New York's six year statute applicable to actions on contracts. The employer, but not the union, sought and obtained a writ of certiorari, and the Supreme Court, agreeing with the district court, held that the action against the employer was barred by New York's ninety day limitation upon actions to set aside an arbitration award. Mr. Justice Stewart, in a separate concurrence, embraced the position of the AFL–CIO, as amicus curiae, that the controlling limitations period should be taken from § 10(b) of the National Labor Relations Act, but the other members of the Court declined to consider that contention since it

had not been advanced by either of the parties. Justice Stevens filed a separate opinion in which he emphasized the fact that the Court did not have before it the question of the applicable period of limitations to the claim against the union, and contended that the ninety day period for actions attacking an arbitration award should not be applied to the claim against the union.

So matters stood when this action was filed in West Virginia. Most of the states have very short periods of limitation, typically ninety days, for actions seeking to overturn an arbitration award, but West Virginia is one of the few states that has no statute specifically applicable to such actions. Thus, the holding of the Supreme Court in *Mitchell* had no relevance to the question of timeliness of the commencement of this action in West Virginia. A careful lawyer might have given some consideration to the straw in the wind to be found in Justice Stewart's concurring opinion in *Mitchell* and the declination of the other justices to consider the contention, but the controlling authority remained *Hoosier Cardinal Corp.* The applicable period of limitations was to be borrowed from state law, and, since West Virginia had no statute specifically applicable to suits to overturn arbitration awards, our earlier decision holding that the timeliness question was governed by West Virginia's five year statute for the commencement of an action on an oral contract was controlling.

## II.

Nothing the Supreme Court did in *DelCostello* forecloses our consideration of the retroactive application of that decision, in the circumstances of this case, under the standards of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In *DelCostello*, the Supreme Court applied the new rule to the plaintiffs in the two consolidated cases before it, but in neither case was there a potential problem

---

**3.**   29 U.S.C.A. § 185(a).

with retroactive application under the *Chevron* standards.

DelCostello, himself, brought his action in the District Court of Maryland, and, under *Mitchell*, the district court properly held that the applicable limitations period was that contained in Maryland's thirty day statute for actions to vacate an arbitration award. 524 F.Supp. 721 (D.Md.1981). This court affirmed on the district court's opinion. 679 F.2d 879 (4th Cir.1982) (Mem.). Thus, the "retroactive" application of *DelCostello*'s new rule to DelCostello, himself, had the effect of increasing the limitations period, not decreasing it. Indeed, the Supreme Court remanded DelCostello's case for consideration of possible tolling so as to make the filing of the complaint timely under the new six months rule. *DelCostello* thus benefited from the retroactive application of the new rule, and in no sense was hurt by it.

Flowers, the plaintiff in the consolidated case decided with *DelCostello*, suffered a dismissal of his action in the Western District of New York. That court held that the relevant limitations period was the ninety day period provided by New York's statute for the commencement of actions to vacate an arbitration award. The Court of Appeals for the Second Circuit reversed, holding that the relevant period for both branches of the claim was New York's six year statute for the commencement of actions on contracts. 622 F.2d 573 (2d Cir. 1980) (Mem). That decision, however, was vacated by the Supreme Court, which remanded the case to the Court of Appeals for reconsideration in the light of *Mitchell*. Upon reconsideration, that court held, as required by *Mitchell*, that the action against the employer was barred by the ninety day statute for actions to vacate arbitration awards but that the claim against the union was governed by New York's three year statute for the commencement of actions for malpractice. *Flowers v. United States Steel Workers of America*, 671 F.2d 87 (2d Cir.1982). The Supreme Court's application of the new six month rule to both branches of the claim thus enlarged the applicable period of limi-

tations for the claim against the employer. It reduced the limitations period held to be applicable by the Court of Appeals for the Second Circuit, but enlarged the limitations period initially held to be applicable by the district court. In any event, from the outset, Flowers was aware of New York's ninety day limitation period for the commencement of an action to set aside an arbitration award, and was chargeable with knowledge that the ninety day period might be held to be the relevant one, just as the district court had held.

Neither DelCostello nor Flowers was in a position to claim that the decision in *DelCostello*, in application to him, would substantially and unfairly disadvantage him. No one would have perceived any retroactivity problem if, when the case first came before it, the Supreme Court had reversed the Court of Appeals for the Second Circuit in *Flowers* and held that the district court was correct initially in applying the ninety day period for actions to vacate arbitration awards.

Application of the new rule to the two cases before the Court simply does not suggest that, in other cases, application of the new rule, under quite different circumstances, might not appropriately call for consideration of a retroactive application under the *Chevron* standards.

Nevertheless, two courts of appeals have held that the Supreme Court's decision in *DelCostello*, itself, forecloses any consideration of a contention that its rule be applied only prospectively. *Welyczko v. U.S. Air, Inc.*, 733 F.2d 239 (2d Cir.1984), *cert. denied* — U.S. —, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984), *Smith v. General Motors Corp.*, 747 F.2d 372 (6th Cir.1984). See also *Gray v. Amalgamated Meat Cutters Local 540*, 736 F.2d 1055 (5th Cir. 1984).

The plaintiff in *Welyczko* had waited five years to commence his action, and he should have known that a much shorter limitations period might be held applicable to him, particularly New York's ninety day period for the commencement of an action

to vacate an arbitration award. The case simply presented no occasion for a detailed analysis under *Chevron.*

The position of at least some of the plaintiffs in *Smith* seems to have been different, but the majority of the *en banc* court for the Sixth Circuit chose to follow *Welyczko* and what it understood to be the lead of other circuits, including this one, in giving retroactive application to *DelCostello,* apparently without noticing that in those cases, application of the *DelCostello* rule had had the effect of enlarging, rather than shortening, the applicable period of limitations. One judge concurred in the judgment, but not in the reasoning of the majority. He had been through a *Chevron* analysis in *Lawson v. Truck Drivers,* 698 F.2d 250 (6th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983), and he thought that case required a retroactive application of *DelCostello* in *Smith.*[4] Two judges dissented.

In any event, in this case, under circumstances in which a retroactive application of *DelCostello* presents manifest unfairness, we decline to follow *Welyczko* and *Smith.*

### III.

■■■ Resolution of the question of retrospective application of the decision of the Supreme Court in *DelCostello* is controlled by the guidelines laid down in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Under those guidelines, we are to consider whether the decision in *DelCostello* overruled "clear past precedent on which litigants may have relied," whether "retrospective operation would further or retard [the new law's] operation" and whether an "inequity [is] imposed by retroactive application." Applying these guidelines we think the *Del-*

*Costello* decision should not be applied retroactively in this case.

### A.

In the context of West Virginia's statutes, the decision in *DelCostello* was a clean break with the past. It overruled direct precedent in this court upon which the plaintiffs in this case justifiably relied.

Since, as we have noted, West Virginia, unlike the great majority of the states, has no statute of limitations expressly applicable to actions to vacate arbitration awards, we had determined that the applicable statute under the rule of *United Auto Workers v. Hoosier Cardinal Corp.* was West Virginia's five year statute applicable to actions upon oral contracts. *Kennedy v. Wheeling-Pittsburgh Steel Corp.,* 81 L.R. R.M. 2349, 69 CCH Labor Cases P. 12,980 (4th Cir.1972). See also *Howard v. Aluminum Workers International Union,* 589 F.2d 771 (4th Cir.1978). That appears to have been the settled rule which remained unquestioned until after the Supreme Court's decision in *DelCostello* came down. Indeed, in their responsive pleadings, the defendants in this case raised no question of the timeliness of the filing of the complaint. They responded to the merits, and both the plaintiffs and defendants proceeded with extensive pre-trial discovery and preparation until the filing of cross-motions for summary judgment on the merits.

Neither party seems to have thought that the decision of the Supreme Court in *United Parcel Service v. Mitchell* created any possible question of timeliness. In retrospect, we cannot say that it did. Since West Virginia had no statute expressly dealing with limitations upon actions for the vacation of arbitration awards, the holding in *Mitchell* had no direct application to an action commenced two months

---

4. Earlier, the Court of Appeals for the Sixth Circuit in *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982), after the Supreme Court's decision in *Mitchell* but before its decision in *DelCostello,* picked up Justice Stewart's position in *Mitchell* and held that the six month period of § 10(b) of the National Labor Relations Act

applied to the hybrid claim. In *Pitts v. Frito Lay, Inc.,* 700 F.2d 330 (6th Cir.1983), the Sixth Circuit held that its decision in *Badon* was a significant departure from earlier precedent and, under the *Chevron* standards, would not be applied retroactively.

later, as this one was, in West Virginia. The only possible relevance of the opinions in *Mitchell* stems from the concurring opinion of Justice Stewart in which he expressed the thought that the courts in these hybrid actions should not borrow state statutes of limitations but should borrow the six months limitation for the filing of charges of unfair labor practices under § 10(b) of the National Labor Relations Act. No other justice joined him in that suggestion; they simply declined to consider it. From Justice Stewart's opinion and the circumstances under which the other justices declined to even consider the suggestion that § 10(b) was controlling, one might have speculated that in some later case other justices might join Justice Stewart, but the opinions in *Mitchell* hardly gave fair warning of what was to come in *DelCostello*. A lawyer in West Virginia still might have placed reasonable reliance upon the still controlling authority of *United Auto Workers v. Hoosier Cardinal Corp.* and the decisions of this court holding that the most relevant of West Virginia's statutes of limitations was the limitation upon actions upon oral contracts. We simply do not think that the lawyers for the plaintiffs and defendants in this case can be faulted for not having found in the opinions in *Mitchell* a clear foreshadowing of the decision in *DelCostello*.[5]

At the time this action was filed, therefore, the applicable precedents clearly gave the plaintiffs five years within which to commence their action. The action was filed well within that time by the third lawyer retained by the plaintiffs; the first two having been dismissed for failure to proceed with the alacrity expected of them by the plaintiffs.

In *Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir.1983), we held that the decision in *DelCostello* was to be applied retroactively, approving a statement in *Perez v. Dana Corp., Parish Frame Div.*, 718 F.2d 581 (3rd Cir.1983),

that the decision in *DelCostello* was not an abrupt break with past precedent upon which the plaintiff might reasonably have relied. The law as it existed before *DelCostello* was described as erratic and inconsistent. In the context of *Murray*, the description was appropriate. The case had arisen in Maryland, and the district court had applied Maryland's thirty day statute applicable to actions to vacate arbitration awards. By early 1983 it might have been thought that the question, under Maryland's statutes, had been settled by the Supreme Court's decision in *Mitchell*, but the course of decision there, and in most of the rest of the country, had certainly been erratic. Nor had *Mitchell* settled all of the problems, because a few of the states had no statutes expressly applicable to actions to vacate arbitration awards, and some of those that had such statutes had an unreasonably short period of limitation, such as Maryland's thirty day period.

Similarly, in *Sine v. Local No. 992 International Brotherhood of Teamsters*, 730 F.2d 964 (4th Cir.1984), we held *DelCostello* retroactively applicable to an action commenced in the District of Maryland. The district court had dismissed the action as untimely under Maryland's thirty day statute for the commencement of actions to vacate arbitration awards. The action had been commenced within six months of its accrual, so that the retroactive application of *DelCostello* did not introduce the question of timeliness but eliminated it.

Nothing in *Murray* or *Sine*, therefore, is applicable to the problem we face. In West Virginia, the prior law had neither been erratic nor inconsistent. Indeed, the responses of the defendants in this case indicate that in June 1981, West Virginia lawyers did not think that any limitations period shorter than West Virginia's five year contract claim statute was, or might be, applicable to this action. Established precedent justified that belief.

---

**5.** It may bear mention that the complaint in this action was filed just over two months after the decision in *Mitchell* was announced. The decision in *Mitchell* was announced on April 20, 1981, and the complaint in this case was filed on June 26, 1981.

## B.

A conclusion that *DelCostello* should be applied prospectively only in the circumstances of this case would not be disruptive of any great design of the laws of the United States.

Unquestionably one of the underlying policies of the laws of the United States favors relatively quick resolution of labor disputes and controversies arising out of collective bargaining agreements. This is strongly suggested by the six month limitation for the filing of unfair labor practice charges under § 10(b) of the National Labor Relations Act. The Court's specific endeavor in *DelCostello*, however, was to enlarge the short period of limitations authorized by *Mitchell* in states having statutes of limitations specifically applicable to actions to vacate arbitration awards. Maryland's thirty day period and the typical ninety day period were simply too short to permit inexperienced and uncounseled employees to obtain lawyers and to file their complaints. The Court, too, was impressed by the fact that § 10(b) provided a more apt analogy than state statutes enacted without regard to controversies arising under federal labor relations laws. Borrowing the federal limitations period contained in § 10(b) would also provide a uniform rule applicable throughout the country and without regard to varying state statutes.

None of these general policies or considerations would be furthered or promoted by a holding that the new rule should not be retroactively applied in the circumstances of this case. Equally strong or stronger, however, is the federal policy exemplified by *DelCostello* itself, that aggrieved employees should have a fair opportunity to file their *Vaca-Hines* complaints. That policy would surely be subverted by retroactive application of the *DelCostello* six months limitation to an action that had been filed without extraordinary delay and which had proceeded to a development of the issues on the merits to the point of decision on cross-motions for summary judgment without any question of timeliness having been raised.

Moreover, those other general considerations would not be subverted by a limitation of *DelCostello* to prospective application in the circumstances of this case. The implementation of those policies would not be significantly retarded. There are only a few states which have no statutes limiting commencement of actions to vacate arbitration awards. Recognition that actions arising in those states require separate consideration would occasion some slight delay in complete implementation of the *DelCostello* rule in those states, but that delay is not of great moment, and, in those states, *DelCostello*'s bar would unerringly and indisputably finally fall a few months after *DelCostello* was announced in June of 1983. Hence, a holding that *DelCostello* should not be retrospectively applied in this case favors the general policy of fairness without substantially detracting from early implementation of other federal policies underlying the decision in *DelCostello*.

## C.

A retroactive application of *DelCostello* in the circumstances of this case shouts of inequity. If we assume, as we must, that the plaintiffs have meritorious claims upon which they were entitled to prevail, or, at least, to a reasoned decision on the merits, belated erection of a procedural bar is an unwarranted frustration of their reasonable expectations of adjudication on the merits.

When the complaint was filed, it was well within the alloted time under the established precedent of this court. We had borrowed the most analogous of West Virginia's statutes of limitations under the direction of the Supreme Court in *Auto Workers*. Neither defendant raised any question of timeliness, for, under the state of law as it existed in June 1981, the filing of a motion to dismiss would have appeared only a futile and wasteful imposition upon the court and counsel. Instead, for almost two years before *DelCostello* came down, the parties devoted themselves to pretrial

discovery and preparation. Before any suggestion of untimeliness was made, cross motions for summary judgment had been filed. The case apparently was ready for final determination on the merits. The plaintiffs have expended considerable time and effort in the development of their case on the merits; they had a considerable investment in the prosecution of their claims. Under these circumstances, it is difficult to imagine a greater inequity than to have the courthouse door suddenly slammed in the faces of the plaintiffs at a time when they apparently stood on the eve of decision on the merits. They had been long in the court, and their cases were fully developed when the district judge announced, in effect, that he was closing the book because the plaintiffs should never have crossed the threshhold of the courthouse door more than two years earlier.

Given the reasonable reliance of the plaintiffs upon what appeared to be established and solid precedent and the full development by the parties of their proofs on the merits, equity and fairness required that the court not abruptly turn a deaf ear to them.

Another panel of this court considered a comparable situation in *Peterson v. Air Line Pilots Assn.,* 759 F.2d 1161 (4th Cir. 1985). It refused to apply the *DelCostello* bar on the ground that the defendant had waived its right to assert the bar. In doing so, however, it emphasized the inequity of enforcing a time bar in a case in which there had been extensive pretrial discovery and preparation with no suggestion of a problem of timeliness. In this case, the plaintiffs did not contend that the defendants had waived their right to assert the time bar, but the inequity of applying the six months time bar here is equally as apparent as it was in *Peterson.* We reach the same result under a *Chevron* analysis.

**IV.**

There are a number of cases applying *DelCostello* retroactively in which the plaintiff would otherwise have been held barred by a shorter period of limitations or in which there was reasonable notice that a shorter period might be held applicable.[6] Those cases do not bear upon our problem, for there was no inequity involved.

The Ninth Circuit has held *DelCostello* not to be applied retroactively in cases in which there had been substantial development of the merits. *Barina v. Gulf Trading & Transportation Co.,* 726 F.2d 560 (9th Cir.1984), *Edwards v. Teamsters Local No. 36,* 719 F.2d 1036 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984).

The District Court for the Northern District of West Virginia similarly held that *DelCostello* was not to be applied retroactively to require the dismissal of a West Virginia claim such as this. *Sole v. Thorofare Markets, Inc.,* 571 F.Supp. 1233 (N.D. W.Va.1983).

Moreover, after anticipating the Supreme Court's holding in *DelCostello,* in *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982), the Court of Appeals for the Sixth Circuit held, in *Pitts v. Frito Lay, Inc.,* 700 F.2d 330 (6th Cir.1983), that the new six months limitation borrowed from § 10(b) of the NLRA should not be applied retroactively.

There are a few cases going the other way. *Graves v. Smith's Transfer Corp.,* 736 F.2d 819 (1st Cir.1984), *Rogers v. Lockheed-Georgia Co.,* 720 F.2d 1247 (11th Cir. 1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984), and *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857 (5th Cir.1983). In those cases, however, the *Chevron* analysis was not so clearly

---

**6.** *Perez v. Dana Corp., Parish Frame Div.,* 718 F.2d 581 (3rd Cir.1983);

*Storck v. International Brotherhood of Teamsters, Local Union No. 600,* 712 F.2d 1194 (7th Cir.1983);

*Andres v. Local 600, International Brotherhood of Teamsters,* 724 F.2d 73 (8th Cir.1983);

*Askew v. F & W Express, Inc.,* 723 F.2d 624 (8th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 292, 83 L.Ed.2d 228 (1984);

*Arrow v. Pulitzer Pub. Co.,* 723 F.2d 622 (8th Cir.1983);

*Hand v. International Chemical Workers Union,* 712 F.2d 1350 (11th Cir.1983).

weighted in favor of a prospective limitation. In one, there was no apparent reliance upon clearly established earlier precedent. *Edwards.* In another, there had been no substantial investment in time or money in the preparation of the case on the merits since the motion to dismiss on limitation grounds had been filed promptly after the filing of the complaint. *Graves.*

In this case in which the equities weigh so strongly against a retroactive application of *DelCostello* and in which defense counsel as well as plaintiffs' counsel saw no problem about timeliness until after *DelCostello* was decided and this case was ready for disposition on the merits, we think that the *Chevron* analysis properly leads to a conclusion against retroactive application of *DelCostello.*

This problem will shortly go away, if it is not already gone, but we think these plaintiffs should have "a satisfactory opportunity" to have their cases decided on the merits, an opportunity which the Supreme Court in *DelCostello* clearly sought to protect.

### V.

The judgment of the district court dismissing the complaints is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

ERVIN, Circuit Judge, dissenting:

I cannot agree with the majority's conclusion that *DelCostello* should only be given prospective effect in this case. In my view, the majority has strayed afar from the Supreme Court's clear command in *DelCostello* itself to apply the six-month statute of limitations retroactively even where, as here, a § 301/DFR claim that would be timely under the applicable state statute is time barred under *DelCostello.* Although the Supreme Court's retroactive application

of *DelCostello* makes an independent analysis of retroactivity unnecessary, I am also convinced that the majority has misapplied the *Chevron*[1] test in this case. For these reasons, I respectfully dissent and would affirm the judgment of the district court.

### I.

### The Supreme Court Has Already Resolved The Question of Retroactivity

For reasons that are unclear to me, the majority has essentially ignored the Supreme Court's retroactive application of the six-month limitations period for § 301/DFR claims in *DelCostello* and its companion case.[2] DelCostello brought his § 301/DFR claim nearly eight months after his cause of action arose. 462 U.S. at 155, 103 S.Ct. at 2285. The district court held that DelCostello's claim was time barred under Maryland's 30-day statute of limitations for actions to vacate arbitration awards. *Id.* at 156, 103 S.Ct. at 2286. The Supreme Court, however, applied the six-month limitations period retroactively and remanded *DelCostello* back to the district court to determine whether certain events not inquired into below had operated to toll the running of the statute of limitations.[3] *Id.* at 172, 103 S.Ct. at 2294. The Supreme Court also applied the six-month statute of limitations retroactively in *Flowers. Id.* The plaintiffs in *Flowers* allowed ten months to elapse after their cause of action arose before they filed suit. *Id.* Although the Second Circuit found their suit to be timely under a three-year state statute of limitations, the Supreme Court retroactively applied the six-month limitations period and dismissed the suit as time barred. *Id.*

As the majority points out, Zemonick's suit is timely under the applicable West

---

1. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

2. *DelCostello* was consolidated with *United Steelworkers v. Flowers,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

3. On remand, the district court refused to toll the running of the six-month limitations period for § 301/DFR claims and dismissed *DelCostello's* suit. *DelCostello v. Teamsters,* 588 F.Supp. 902, 909–11 (D.Md.1984).

Virginia statute of limitations but would be untimely under the *DelCostello* rule. On this basis, our previous decisions [4] in which we applied *DelCostello* retroactively may be distinguished insofar as the six-month limitations period exceeds the time allowed under the applicable state statutes in each case. Application of *DelCostello* retroactively in those cases, therefore, extended rather than curtailed the time within which a § 301/DFR claim could be filed. The Supreme Court's holding in *Flowers*, however, cannot be distinguished for the same reason. The applicable state statute of limitations gave the Flowers' plaintiffs thirty-six months to file their suit, thirty months more than the six permitted under *DelCostello*. Nevertheless, the Court retroactively applied *DelCostello* and dismissed their suit.

However unwise or unfair we may believe the retroactive application of *DelCostello* would be to this case, we cannot refuse to recognize "the Supreme Court's directive on this issue." *Welyczko v. U.S. Air, Inc.*, 733 F.2d 239, 241 (2d Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); *accord Smith v. General Motors Corp.*, 747 F.2d 372, 375 (6th Cir.1984) (en banc) [5]; *Campbell v. McLean Trucking Co.*, 592 F.Supp. 1560, 1562 (E.D. N.Y.1984); *see also Goins v. Teamsters Local 639*, 598 F.Supp. 1151, 1154 (D.D.C. 1984) (dictum). Nevertheless, the majority asserts that "[n]othing the Supreme Court did in *DelCostello* forecloses" a *Chevron* inquiry into retroactivity here because no "potential problem with retroactive application" under *Chevron* existed in *DelCostello* and its companion case. Surely had the Court felt that in *some* cases retroactive application of *DelCostello* might be inap-

propriate, it would have adopted a case-by-case approach to the retroactivity question by conducting a *Chevron* analysis. Yet the Court unmistakably refused to adopt the case-by-case retroactivity analysis necessary under *Chevron* by directly applying the six-month limitations period to the cases before it. Under the majority's position, courts could completely dispense with a *Chevron* analysis when retroactive application of *DelCostello* would increase the limitations period. But those same courts would have to conduct the *Chevron* inquiry where, as here, retroactive application of *DelCostello* would decrease the applicable limitations period. A case-by-case approach, however, means exactly what it says: each case must be examined on the basis of its own peculiar facts to determine the appropriate result under the relevant test. The Supreme Court declined to adopt the *Chevron* case-by-case approach and we are bound to do the same. Consequently, a *Chevron* analysis in this case is unnecessary and *DelCostello* should be applied retroactively to bar Zemonick's suit. *Welyczko*, 733 F.2d at 241; *Smith*, 747 F.2d at 375; *Campbell*, 592 F.Supp. at 1562; *see also Goins*, 598 F.Supp. at 1154 (dictum); *DelCostello v. Teamsters*, 588 F.Supp. 902, 907 (D.Md.1984).

## II.

### *DelCostello* Should Also Be Given Retroactive Effect Under The *Chevron* Test

Failing to follow the Supreme Court's lead, the majority proceeds under *Chevron* to find that *DelCostello* should not be applied retroactively to § 301/DFR claims arising in West Virginia. *DelCostello* is,

**4.** *Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir.1983) *cert. denied*, — U.S. —, 105 S.Ct. 292, 83 L.Ed.2d 228 (1984); *Sine v. Local 992, International Brotherhood of Teamsters*, 730 F.2d 964 (4th Cir.1984).

**5.** In *Smith*, the Sixth Circuit sitting en banc reasoned:

If the Supreme Court had not intended for *DelCostello* to apply retroactively, the Court easily could have reserved this issue or could have applied the statute of limitations pro-

spectively, as it did in *Chevron*. By applying the statute of limitations to extinguish the claim in the case before the Court, we feel the Supreme Court demonstated its intent to apply *DelCostello* retroactively.

747 F.2d at 375. From this reasoning, the Sixth Circuit concluded that the six-month statute of limitations for § 301/DFR claims "is applicable to *all* cases pending at the time *DelCostello* was decided." *Id.* (emphasis added).

therefore, applied prospectively to Zemonick's suit by the majority. Although the Supreme Court has directed that *DelCostello* be given retroactive effect, I feel that the same result is also mandated under a *Chevron* analysis.

### A.

### Retroactivity Is the General Rule

It is firmly rooted in our judicial system "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *accord Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981); *Thorpe v. Housing Authority,* 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969); *Murray,* 723 F.2d at 1147. Consistent with this principle, it has been repeatedly recognized "that the retroactive applicability of judicial decisions of federal courts is the rule, not the exception." *Simpson v. Director, Office of Workers' Compensation Programs,* 681 F.2d 81, 84 (1st Cir.1982), *cert. denied,* 459 U.S. 1127, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983). There is, therefore, a strong presumption in favor of retroactivity that cannot be easily overcome. *Id.; see also Robinson v. Neil,* 409 U.S. 505, 507–08, 93 S.Ct. 876, 877–78, 35 L.Ed.2d 29 (1973). Guided by these general principles, I now turn to the question of retroactivity in this case under the *Chevron* test.

**6.** Although not expressly holding that prospectivity requires that all three *Chevron* factors be satisfied, numerous courts have implicitly indicated that the satisfaction of each *Chevron* factor is a prerequisite to prospective application in any case. *See, e.g., Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (All three *Chevron* factors "mitigate against the retroactive application of our holding today."); *United States v. Johnson,* 457 U.S. 537, 550 n. 12, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982) (factors two and three considered only if the first is satisfied); *Jackson v. City of Bloomfield,* 731 F.2d 652, 654–55 (10th Cir.1984) (first *Chevron* factor is threshold test for nonretroactivity);

Because of the strong presumption in favor of retroactivity, all three hurdles of the *Chevron* test must be passed before courts will refuse to give a case retroactive effect. *Rogers v. Lockheed-Georgia Co.,* 720 F.2d 1247, 1249 (11th Cir.1983) *cert. denied,* —— U.S. ——, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984); *Holzsager v. Valley Hospital,* 646 F.2d 792, 797 (2d Cir.1981); *Harpp v. General Electric Co.,* 571 F.Supp. 426, 432 (N.D.N.Y.1983); *accord Kremer v. Chemical Construction Corp.,* 623 F.2d 786, 789–90 (2d Cir.1980), *aff'd,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).[6] As a consequence, the party opposing retroactivity bears the burden of demonstrating that the decision should be applied prospectively. *Cash v. Califano,* 621 F.2d 626, 629 (4th Cir.1980). Despite Zemonick's substantial burden, the majority has concluded that all three *Chevron* factors favor giving *DelCostello* only prospective effect in this case. I disagree.

### B.

### Application of the Three Part *Chevron* Test

To satisfy the first part of the *Chevron* test, "a new principle of law [must be established] either by overruling clear past precedent ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. The majority argues that because of our earlier decisions [7] in which we expressly held that (1) the same statute of limitations should apply to § 301 and DFR suits and that (2) the gov-

*Railroad Yardmasters v. Harris,* 721 F.2d 1332, 1344 n. 32 (D.C.Cir.1983) (all three *Chevron* factors supported prospectively); *In re Locarno* 23 B.R. 622, 632 (Bankr.D.Md.1982) (prospectivity application required because all three *Chevron* factors were satisfied). The requirement that prospective effect will be given a case only if all three *Chevron* factors are satisfied is also consistent with the strong presumption in favor of retroactivity.

**7.** *Kennedy v. Wheeling-Pittsburgh Steel Corp.,* 81 L.R.R.M. 2349 (4th Cir.1972); *Howard v. Aluminum Workers International Union,* 589 F.2d 771 (4th Cir.1978).

erning statute of limitations for such suits should be the state's statute for actions on oral contracts, *DelCostello* overruled clear precedent in this circuit. A close reading of the opinions filed in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981),[8] however, reveals that *DelCostello* did not erupt "from the Supreme Court firmament like a bolt out of the blue." *Graves,* 736 F.2d at 821. *Mitchell* was handed down after our now apparently misguided decisions in *Kennedy* and *Howard* but prior to the time Zemonick filed his suit. Although these decisions were controlling in West Virginia until *DelCostello,* "a local lawyer dealing with federal claims cannot simply ignore the significance of recent developments in the federal courts that would clearly warn him not to place undue reliance on a particular state case" or federal case applying state law. *Landahl,* 746 F.2d at 1315. Indeed, "the principle of adopting federal, rather than state, limitations periods in the area of federal labor law has been openly discussed in the courts, and even adopted by some courts *prior* to *DelCostello.*" *Local Union 1397,* 748 F.2d at 184 (citing *Hall v. Printing and Graphic Arts Union,* 696 F.2d 494 (7th Cir.1982); *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982)) (emphasis added).

Since *Mitchell* portended an intended change in the law, "the first [*Chevron*] factor weighs only slightly against retroactivity," *Graves,* 736 F.2d at 821. Clearly, the uncertain wake left behind by *Mitchell* reveals that "the six-month statute of limitations was not an abrupt and fundamental shift in a doctrine on which the plaintiff relied because the prior law was erratic and inconsistent." *Murray,* 723 F.2d at 1148; *accord Graves,* 736 F.2d at 821; *Lincoln,* 723 F.2d at 630 ("*DelCostello* was not a clear break from prior law and notice of a shorter period being applicable was given in *Mitchell.*"); *Perez v. Dana Corp.,* 718 F.2d 581, 587 (3d Cir.1983) (federal case law was "confused and divided" prior to *DelCostello*).

Despite these decisions, the majority declares that *DelCostello* "overruled direct precedent in this court upon which [Zemonick] ... justifiably relied." But where the decision sought to be retroactively applied decided an issue of first impression, the inquiry under the first *Chevron* factor is only whether the resolution of that issue "was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Here, there can be little question that *DelCostello* decided an issue of first impression that was clearly foreshadowed by *Mitchell.* Since the *Mitchell* court specifically declined to address whether section 10(b)'s

---

**8.** There are at least three clear indications in *Mitchell* that a change in the applicable statute of limitations for § 301/DFR suits was not far away. *Graves v. Smith Transfer Corp.,* 736 F.2d 819, 821 (1st Cir.1984); *see also Local Union 1397 v. United Steelworkers,* 748 F.2d 180, 184 (3d Cir.1984) (*DelCostello* neither established a *new* principle of law nor decided an issue which could not have been foreshadowed; *Landahl v. PPG Indus.,* 746 F.2d 1312, 1315 (7th Cir.1984) ("the result in *DelCostello* was foreshadowed by *Mitchell*"); *Lincoln v. District 9, Int'l Ass'n of Machinists,* 723 F.2d 627, 630 (8th Cir.1983) ("At the very least, the *Mitchell* case should have put [plaintiff] on notice that a shorter time limitation might be imposed."); *Estades v. Harry M. Stevens, Inc.,* 593 F.Supp. 778, 782 (D.P.R.1984) ("*Mitchell* adumbrated the imposition of a six months limitation period in [§ 301/DFR] suits."). The first indication occurred in footnote two of the Court's opinion discussing the amicus argument that the six-month limitations period of section 10(b) should be applied. The

Court explained: "Our grant of certiorari was to consider *which* state limitations period should be borrowed, not whether such borrowing was appropriate." *Mitchell,* 451 U.S. at 60 n. 2, 101 S.Ct. at 1563 n. 2 (emphasis in original). The second portent of *DelCostello* was Justice Blackmun's remark that "[a]lthough I find much that is persuasive in Justice Stewart's analysis, resolution of the § 10(b) question properly should await the development of a full adversarial record." *Id.* at 65, 101 S.Ct. at 1565 (Blackmun, J., concurring). Finally, the most obvious foreshadowing of *DelCostello* was Justice Stewart's well reasoned and strongly worded concurring opinion imploring the Court to adopt the six-month limitations period of section 10(b) of the National Labor Relations Act. *Id.* at 65–71, 101 S.Ct. at 1565–1568 (Stewart, J., concurring). I agree with the Seventh Circuit that "these three statements in *Mitchell* clearly suggested that the limitations period of section 10(b) of the Act would be adopted." *Landahl,* 746 F.2d at 1315.

six-month limitations period should be applied to § 301/DFR claims, 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2; *id.* at 65, 101 S.Ct. at 1565 (Blackmun, J., concurring), when that question was finally presented in *DelCostello*—it represented an issue of first impression. Additionally, an examination of *Mitchell* reveals that the resolution of the question decided in *DelCostello* was clearly foreshadowed. As noted previously, the Supreme Court gave three separate indications in *Mitchell* that resolution of the section 10(b) question was just down the road. *See supra* note 8. No less telling, the Supreme Court, by overruling *Hoosier Cardinal* in *Mitchell,* revealed that its view regarding the appropriate statute of limitations for § 301/DFR suits was in no way immutable.

If the majority is correct in asserting that the opinions in *Mitchell* were not "a clear foreshadowing of the decision in *Del-Costello,*" I cannot conceive of a case where a significant and distinct departure from prior law would ever be considered "clearly foreshadowed" by prior decisions. Under the majority's view, a finding that *DelCostello* was clearly foreshadowed would have required an express qualification by the Supreme Court in its *Mitchell* decision informing everyone that it planned to adopt section 10(b)'s six-month limitations period for § 301/DFR claims. But by so clearly revealing its plans for a future decision, the Supreme Court would be rendering an advisory opinion which the Constitution absolutely prohibits. *See Muskrat v. United States,* 219 U.S. 346, 361, 31 S.Ct. 250, 255, 55 L.Ed. 246 (1911). Therefore, I cannot conclude that in this case satisfaction of the first *Chevron* factor required more explicit foreshadowing than

that provided in *Mitchell.* Although *Mitchell* did not hold that § 301/DFR suits would be governed by section 10(b)'s six-month limitations period, it plainly alerted those concerned that upon a full adversarial record the Supreme Court was prepared to address the section 10(b) issue and quite possibly adopt that section's limitations period for § 301/DFR suits. In short, *"Del-Costello* represented a clarification of the law, not a 'clean break' with past precedent." *Landahl,* 746 F.2d at 1315.

Given the overriding weight of precedent holding that *DelCostello* was *not* a clear break from prior law[9] and because *Mitchell* forewarned plaintiffs that the section 10(b) issue would be addressed in a later case, I am persuaded that Zemonick has not satisfied the first part of the *Chevron* test.

Under the second *Chevron* factor the majority cryptically concludes that "a finding of nonretroactivity in this case would not be disruptive of any great design of the laws of the United States." There is, however, no support in the case law or in *DelCostello* itself for the majority's finding that giving *DelCostello* prospective effect will neither retard its operation nor jettison the carefully balanced policy behind it. The federal courts have uniformly concluded that because nonretroactive application of *DelCostello* is manifestly inconsistent with the purpose of the six-month limitations period, the second *Chevron* factor does not favor prospective application of *DelCostello. Local Union 1397,* 748 F.2d at 184–85 ("the importance of uniformity in limitations periods" in labor law which "was a major consideration in the *DelCostello* opinion itself" favors retroactivity); *Landahl,* 746 F.2d at 1315 ("giving retroac-

---

9. In *Murray,* we held that *DelCostello* was not a clear and abrupt change in the applicable statute of limitations for § 301/DFR claims. Admittedly, the applicable state statute of limitations in *Murray* was Maryland's 30-day statute for actions to vacate an arbitration award, whereas in this case the appropriate state statute of limitations is West Virginia's five-year statute for actions upon oral contracts. Under the first *Chevron* factor, however, we must look to Supreme Court precedent first and foremost and not merely at our own to determine whether (1) *DelCostello* represents a clear break from prior law and whether (2) the issue decided in *DelCostello* was one of "first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Because the Supreme Court precedent did indeed foreshadow *DelCostello,* I believe our holding in *Murray* regarding the first *Chevron* factor should also be applied to this case.

tive effect to the *DelCostello* rule would further its purpose" even though a longer state statute of limitations would otherwise apply); *Graves,* 736 F.2d at 821–22 ("[G]iving retroactive effect to *DelCostello* will further the purpose of the rule ... [even where] a longer state statute of limitations applie[s]."); *Murray,* 723 F.2d at 1148 ("[T]he purpose of the *DelCostello* rule require[s] retroactive application.")[10]; *Lincoln,* 723 F.2d at 630 ("retroactive application of *DelCostello* would further the policy of prompt settlement"); *Rogers,* 720 F.2d at 1250 (Prospective application of *DelCostello* "would retard rather than further the federal interests in prompt resolution of labor disputes, finality, and consistency embodied in *DelCostello.*"); *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857, 862 (5th Cir.1983) (second criterion of *Chevron* favors application of *DelCostello* retroactively); *Perez,* 718 F.2d at 588 ("second *Chevron* factor counsels in favor of retroactivity"). Although the Ninth Circuit is the lone federal court of appeals to give *DelCostello* only prospective effect, even that court has held that "[t]he second *Chevron Oil* factor does favor retroactivity" because application of a longer state statute of limitations "detracts from the principle of finality" which is a substantial purpose of *DelCostello.* *Barina v. Gulf Trading & Transportation Co.,* 726 F.2d

560, 564 (9th Cir.1984).[11] Hence, I can find *no* authority among the federal courts of appeal supporting the majority's dubious finding that the second *Chevron* factor favors prospective application of *DelCostello.*

In addition, an independent examination of *DelCostello* reveals that a failure to apply the six-month limitations period to this case would be contrary to the federal interests embodied in *DelCostello* and would significantly hinder the operation of the *DelCostello* limitations period. The Supreme Court in *DelCostello* stressed that " 'the need for uniformity' " was an important reason for ending the previous practice of borrowing diverse state statutes of limitations. 462 U.S. at 171, 103 S.Ct. at 2294 (quoting *Mitchell,* 451 U.S. at 70, 101 S.Ct. at 1567 (Stewart, J., concurring)). Equally significant, "the Court reaffirmed that federal labor law favored 'the relatively rapid resolution of labor disputes,' and rejected the adoption of long limitations periods which would allow grievance and arbitration decisions to be called into question long after the fact." *Perez,* 718 F.2d at 588 (quoting *DelCostello,* 462 U.S. at 168, 103 S.Ct. at 2292); *accord Edwards,* 720 F.2d at 861. Application of West Virginia's five-year statute of limitations period would be clearly contrary to *DelCostello's* dual purpose of uniformity and rapid finality.[12] Refusing to overlook these pur-

**10.** I also believe that we are bound by our previous holding in *Murray* that the second *Chevron* factor favors retroactivity. This factor must be analyzed independently from the first *Chevron* factor and from the equities of each case involved under the third *Chevron* factor. Furthermore, whether the first and third *Chevron* factors favor retroactive application of *DelCostello* may vary from case to case. However, the second *Chevron* factor cannot vary—it either favors retroactive application of *DelCostello* in every case or not at all.

**11.** More recently, the Ninth Circuit has declared that in deciding *DelCostello,* "the Supreme Court wished a uniform statute of limitations to apply" in order to prevent "[t]he waste of time and resources" that had previously occurred when plaintiffs pursued their § 301/DFR claims "under an almost infinite variety of local limitations statutes." *Glover v. United Grocers, Inc.,* 746 F.2d 1380, 1382 (9th Cir.1984), *petition for cert. filed,* 53 U.S.L.W. 3600 (U.S. Feb. 5, 1985)

(No. 84–1257). Consequently, the court went on to conclude that "[n]ot to apply *DelCostello* [retroactively in the case before it] would be to thwart its clear purpose in making uniform the statute of limitations applied to employers and unions when the claim is at once for breach of duty of fair representation and for breach of contract." *Id.* at 1383.

**12.** Despite the collective wisdom of every federal circuit court of appeals, the majority concludes that the second *Chevron* factor favors prospective application of *DelCostello.* They reach this conclusion by finding that (1) "[t]he court's specific endeavor in *DelCostello* ... was to enlarge the short period of limitations authorized by *Mitchell;*" (2) that prospective application in this case "would not ... significantly retard[ ]" the policies underlying *DelCostello;* and (3) that "[t]here are only a few states which have no statutes limiting commencement of actions to vacate arbitration awards." These assertions are only partially true.

poses behind the *DelCostello* six-month limitations period, I conclude that the second *Chevron* factor also favors retroactivity.

Analyzing the equities in this case under the third *Chevron* factor, the majority asserts that *DelCostello* should not be retroactively applied to dismiss this case. According to the majority, dismissal here for untimeliness "shouts of inequity" because Zemonick has "expended considerable time and effort in the development of [his] case on the merits."

I am unable to agree with these assertions by the majority. Retroactive application of *DelCostello* may be ungenerous, but it is not for this reason a result that we can escape under *Chevron*. First, Zemonick delayed filing his suit for thirteen months after he was discharged and his cause of action arose. Such a delay is more than twice the time the Supreme Court established for filing § 301/DFR claims in *DelCostello*. Nor has Zemonick offered any sympathetic or justifiable reason for his delay. Because this area of

federal law was in considerable flux at the time his cause of action arose, caution and diligence demanded that Zemonick exhibit greater promptness in filing suit than he did. As a result, I cannot agree that retroactive application of *DelCostello* in this case "shouts of inequity." Second, I attach little significance to the majority's observation that Zemonick "expended considerable time and money" in preparing his case prior to its dismissal by the district court. Except for rare cases in which no pretrial discovery is conducted, nearly every plaintiff will have "expended considerable time and money" during the trial preparation stage. But where, as here, the plaintiff "has not been deprived of a judgment obtained before *DelCostello* came down," there is little inequity in applying that decision retroactively.[13] *Graves*, 736 F.2d at 822; *accord Estades*, 593 F.Supp. at 782.

Admittedly, the majority correctly notes that our decisions in *Murray* and *Sine* may be distinguished from this case by considering the equities involved under the third *Chevron* factor. In *Murray*, the plaintiff

First, the Supreme Court in *DelCostello's* companion case purposely *shortened* the statute of limitations that had been applied to actions against unions by observing that

> [the] application of a longer malpractice statute as against unions would preclude the relatively rapid final resolution of labor disputes favored by federal law.... In No. 81–2408, for example, the holding of the Court of Appeals would permit a suit as long as three years after termination of the grievance proceeding; many states provide for periods even longer.

*DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292 (footnote omitted). Second, prospective application of *DelCostello* here would give plaintiffs in West Virginia who filed suit before the decision in *DelCostello* was handed down a limitations period that is *ten* times longer than the six-month period now in effect. Equally noteworthy, the majority's holding today carves an undesirable exception to the *DelCostello* rule for cases in this circuit arising in West Virginia. These observations clearly demonstrate that prospective application of *DelCostello* is totally inconsistent with the twin aims of *DelCostello*: uniformity and rapid finality in labor dispute resolution. Finally, while only a few states do not have statutes limiting the time within which an action to vacate an arbitration award may be brought, every state has a limitations period for

malpractice actions (that applied to suits against unions before *DelCostello* ended the practice of borrowing the most appropriate state statute of limitations for § 301/DFR claims) far in excess of *DelCostello's* six-month period. As the Supreme Court observed in *DelCostello*:

> One state's limitations period for legal malpractice is 10 years. Other states allow six years (10 states); five years (4 states); four years (5 states); three years (10 states and the District of Columbia); two years (10 states); and one year (4 states).

*Id.* at n. 18.

**13.** The Eleventh Circuit has even concluded that the equities *mandate retroactivity:* "Prospective application of *DelCostello* would cause inequitable results. Numerous state statutes of limitations would apply to similar causes of action. Prospective application would extend the inconsistent results that *DelCostello* sought to remedy." *Rogers*, 720 F.2d at 1250. Under the majority's view, a plaintiff in Maryland bringing a § 301/DFR claim seven months after his cause of action arose but before *DelCostello* came down would find his claim time barred. A similarly situated plaintiff in West Virginia, however, could bring the same claim up to five years after his cause of action arose without fear of having his claim time barred. Such a result is hardly equitable.

had notice that Maryland's exceedingly short thirty-day statute of limitations for suits to vacate an arbitration award applied. 723 F.2d at 1147. Thus, retroactive application of *DelCostello* in *Murray* extended the time within which the plaintiff could file even though the delay in filing of over two years still required dismissal. *Id.* at 1148. Similarly, the retroactive application of *DelCostello* in *Sine* had the effect of reinstating a claim that would otherwise have been time barred under a shorter state statute of limitations. 730 F.2d at 966. Nevertheless, the Supreme Court and many of our sister circuits have retroactively imposed *DelCostello* to time bar a claim that would have been timely under the previously governing state statute of limitations. *DelCostello,* 462 U.S. at 172, 103 S.Ct. at 2294 (suit filed ten months after cause arose dismissed under *DelCostello* rule even though state statute of limitations was three years); *Flores v. Levy Co.,* 757 F.2d 806, 118 L.R.R.M. 3129, 3130–31 (7th Cir.1985) (*DelCostello* applied retroactively to dismiss suit brought three years after cause of action arose notwithstanding Illinois' ten year statute of limitations period for written contracts); *Landahl,* 746 F.2d at 1316 (7th Cir.) (*DelCostello* applied retroactively to dismiss case filed fifteen months after cause of action arose despite Wisconsin's applicable six-year limitations period); *Linder v. Berge,* 567 F.Supp. 913, 915–16 (D.R.I.1983), *aff'd,* 739 F.2d 686, 690 n. 3 (1st Cir.1984) (*DelCostello* applied retroactively despite Rhode Island's previously applicable three-year and six-year statutes of limitations for § 301/DFR suits); *Graves,* 736 F.2d at 820–21 (1st Cir.) (*DelCostello* applied retroactively to dismiss case filed eight months after cause arose notwithstanding New Hampshire's one-year limitations period); *Rogers,* 720 F.2d at 1250 (11th Cir.) (rejecting plaintiff's request that "state statutes of limitations with periods much longer than the six-months adopted in *DelCostello* be applied"); *Edwards,* 720 F.2d at 859 (5th Cir.) (*DelCostello* applied retroactively to dismiss claims despite previous applicability of Texas' two- and four-year statutes of limita-

tions); *Estades,* 593 F.Supp. at 782 (suit filed two years and two months after cause of action arose dismissed by retroactive application of *DelCostello* even though suit would have been timely under Puerto Rico's applicable fifteen-year limitations period). *Contra Barina,* 726 F.2d at 562 (9th Cir.) (*DelCostello* applied prospectively to save claim filed less than a year after the cause arose because it was timely under a four-year state statute of limitations).

Further, the Sixth, Fifth, and Second Circuits have held that *DelCostello* must be applied retroactively to all cases regardless of the peculiar equities involved in each. *Smith,* 747 F.2d at 375 (6th Cir.); *Gray v. Amalgamated Meat Cutters Local 540,* 736 F.2d 1055 (5th Cir.1984); *Welyczko,* 733 F.2d at 241 (2d Cir.). Under the illuminating light of these decisions, it is clear that there is no inherent inequity in retroactively imposing *DelCostello's* statute of limitations even where, like here, it reduces the time available under the previously governing period. Fairness does not require that *DelCostello* be given only asymmetrical retroactive effect. With respect to statutes of limitations, equity has two sides. If it was fair to the defendant in *Murray* to reinstate a claim that was time barred under the state statute by applying *DelCostello* retroactively, it is equally fair to the plaintiff in this case to dismiss his suit by giving *DelCostello* retroactive effect. Under the majority's argument, the defendant in *Murray* —at least until *DelCostello* —reasonably expected to be sued, if at all, within thirty-days after a § 301/DFR cause of action arose against it. Applying *DelCostello* retroactively in this case would, therefore, be no more unfair to Zemonick than it was to the defendant in *Murray.* The third *Chevron* factor requires courts to examine what the equitable consequences of retroactive application are to *both* parties to an action, not just the plaintiff. 404 U.S. at 107, 92 S.Ct. at 355. Consequently, the equities in this case do not demand disregard of the clear weight of persuasive precedent holding that the third *Chevron* factor counsels in

favor of applying *DelCostello* retroactively.

From the foregoing, it appears that none of the *Chevron* factors are susceptible of a determination that favors prospectivity in this case. *Chevron* plainly commands retroactive application of *DelCostello*.[14]

## III.

### The Extraordinary Weight of Authority Favors Retroactivity

My final reason for arguing that *DelCostello* should be applied retroactively to this case is the tremendous weight of precedent which I do not believe the majority's reasoning has overcome. Except for the Ninth Circuit, every federal court of appeals has held that *DelCostello* should be applied retroactively.[15] *Smith*, 747 F.2d at 375 (6th Cir.) (en banc); *Barnett v. United Air Lines, Inc.*, 738 F.2d 358, 362 (10th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 594, 83 L.Ed.2d 703 (1984); *Graves*, 736 F.2d at 822 (1st Cir.); *Gray*, 736 F.2d at 1055 (5th Cir.); *Welyczko*, 733 F.2d at 241 (2d Cir.); *Murray*, 723 F.2d at 1148 (4th Cir.); *Lincoln*, 723 F.2d at 630 (8th Cir.); *Rogers*, 720 F.2d at 1250 (11th Cir.); *Perez*, 718 F.2d at 588 (3d Cir.); *Storck v. Teamsters*, 712 F.2d 1194, 1196 (7th Cir.1983). *Contra Barina*, 726 F.2d at 564 (9th Cir.). Given the sound reasoning in these decisions, I find no reason, unlike the majority, to join the lonely position taken by the Ninth Circuit and thereby depart from the almost uniform view that *DelCostello* should be applied retroactively.

**14.** Even if we assume that the third *Chevron* factor favors nonretroactivity in this case, retroactive application of *DelCostello* would still be necessary because prospective effect cannot be given a decision unless all three *Chevron* factors are satisfied. *See Holzsager*, 646 F.2d at 797; *Rogers*, 720 F.2d at 1249.

**15.** Nearly all of the reported district court opinions have also applied *DelCostello* retroactively. *Moseley v. Southern Pac. Transp. Co.,* 594 F.Supp. 1039, 1050 (E.D.La.1984); *Estades*, 593 F.Supp. at 782; *Campbell*, 592 F.Supp. at 1562; *Fisher v. CPC Int'l Inc.*, 591 F.Supp. 228, 231 (W.D.Mo.1984); *Bey v. Williams*, 590 F.Supp.

For all these reasons, I cannot lend my approbation to the majority's decision which is—in my view—neither sound nor permitted by the case law. Accordingly, I dissent from the majority's prospective application of *DelCostello* in this case and would affirm the judgment of the district court.

1150, 1153 (W.D.Pa.1984); *Heffner v. General Comm. of Adjustment,* 587 F.Supp. 387, 389 (D.Ind.1984); *Oliver v. Local No. 1261 United Transp. Union,* 587 F.Supp. 3, 6 n. 1 (N.D.Ga. 1984); *Thibault v. Stop & Shop Companies,* 585 F.Supp. 1359, 1361–62 (D.Conn.1984); *Vecchione v. United Tel. Co.,* 584 F.Supp. 1161, 1166 (N.D.Ohio 1984); *Thomas v. Kroger Co.,* 583 F.Supp. 1031, 1035 (S.D.W.Va.1984); *Johnson v. Joseph Schlitz Brewing Co.,* 581 F.Supp. 338, 344 n. 1 (M.D.N.C.1984). *Contra Sole v. Thorofare Markets, Inc.,* 571 F.Supp. 1233, 1236 (N.D.W. Va.1983).